**Bobby T. GRIFFITH, Appellee,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Appellant.**

**No. 75–1481.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1975.

Decided Dec. 8, 1975.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

Robert J. O'Hanlon, St. Louis, Mo., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

Bobby T. Griffith seeks federal habeas corpus relief pursuant to 28 U.S.C.

§ 2254 on the ground, *inter alia*, that his plea of guilty before a Missouri state court to the offense of sodomy was involuntary. After appointment of counsel and an evidentiary hearing, the United States District Court for the Eastern District of Missouri granted the petitioner relief.[1] It ordered the petitioner's judgment and sentence vacated, and granted the respondent one hundred and twenty days to allow the petitioner to file appropriate pleadings for specific performance of his plea bargain agreement and to be resentenced before a different judge; or to give the petitioner the opportunity to withdraw his plea of guilty and to grant him a jury trial as charged. We affirm for the reasons stated below.

Griffith was originally arrested on two charges of forgery and incarcerated. He was nineteen years old. He was subsequently charged with three counts of sodomy which allegedly occurred during his incarceration. After arraignment and dismissal of the forgery counts and the two companion counts of sodomy, the petitioner pled guilty to a single charge of sodomy. The plea was accepted by the court after inquiry into its voluntariness and after establishing its factual basis. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Blaylock*, Mo., 394 S.W.2d 364 (1965).

■ The sentencing was seven weeks later. After observing his code-fendant receive a sentence of thirty years, the following colloquy occurred:

THE COURT: [To petitioner's attorney] I hate to put you on the spot, being a former Prosecutor, in your experience as a Prosecutor and an attorney have you ever read a presentence investigation like this?

MR. TRAMMELL: No, Your Honor, I haven't.

THE COURT: Mr. Griffith, do you have any explanation about it?

THE DEFENDANT: I didn't do it.

THE COURT: You didn't do it? When did you decide you didn't do it, Mr. Griffith?

THE DEFENDANT: I knew it all along, but what could I do, with them people hitting me on the head and spraying mace in my face, and the lawyer said I was going to get in on it anyway.

It is this proceeding that the petitioner argues establishes the involuntary nature of the plea previously given. He also asserts that the last sentence should read: "The lawyer said I was going to get five years on it anyway." No inquiry was made by the sentencing judge to resolve the doubt cast over the voluntariness of the petitioner's plea by the statements made by the petitioner at the time of sentencing.[2] He was sentenced to thirty years.

*Santobello v. New York*, 404 U.S. 257, 261–262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

In establishing safeguards to be followed under Federal Rule of Criminal Procedure 11, this Court held that: (1) prosecutors must not mischarge, overreach or threaten heavier sentences for those who do not plead guilty; (2) judges must require any agreement to be disclosed when the plea is offered with a detailed statement of the reasons therefor; (3) the judge's role is limited to acceptance or rejection of the agreement after a thorough review of all relevant factors, they should not participate in the bargaining process; and (4) defendants must have an opportunity to withdraw their plea if the agreement is rejected by the judge. *United States v. Gallington*, 488 F.2d 637, 640 (8th Cir. 1973), *cert. denied*, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974). *See*

---

1. The petitioner was denied relief on his state post-conviction proceedings. *Griffith v. State*, Mo.App., 504 S.W.2d 324 (1974).

2. It also appears that the petitioner was told by his counsel that if asked by the court, the prosecutor would recommend a sentence of five years. No inquiry was made by the court. It now appears that counsel for the state and the petitioner both knew that the trial judge assigned to the case seldom, if ever, asked for recommendations.

The state sentencing judge, as a matter of policy, refused to participate in the plea bargaining process. This is perfectly proper. But, in the words of the United States Supreme Court:

[I]f it [the guilty plea] was induced by promises, the essence of those promises must in some way be made known.

■ Whether a waiver of constitutional rights is effective is an issue governed by federal standards. *Boykin v. Alabama, supra,* 395 U.S. at 243, 89 S.Ct. 1709. A plea of guilty embodies the waiver of several constitutional rights, including the right against self-incrimination, the right to confront one's accusers and the right to a trial by jury. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The strong presumption is against the validity of waivers of constitutional rights, and the acceptance of a plea of guilty must be approached with the utmost solicitude. *Von Moltke v. Gillies,* 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *Knight v. State of Minnesota,* 484 F.2d 104, 106 (8th Cir. 1973). The record must affirmatively show, under the totality of the circumstances, that the plea of guilty was voluntary, and it is the duty of the judge to establish by inquiry as thorough as the circumstances demand its constitutional validity. *Boykin v. Alabama, supra* 395 U.S. at 242, 89 S.Ct. 1709; *Von Moltke v. Gillies, supra* 332 U.S. at 723–724, 68 S.Ct. 316; *Smith v. Wolff,* 506 F.2d 556, 560 (8th Cir. 1974).

■ This federal standard was not met here because the record does not affirmatively show that the plea of guilty was a voluntary one. To the contrary, it indicates clearly that the petitioner denied his prior admission of guilt. The record as thus made, without further inquiry by the court to insure the voluntariness of the plea, does not rebut the strong presumption against waiver of constitutional rights.[3]

■ But the failure of the state court to make a record affirmatively showing the voluntariness of a plea of guilty in accordance with the precepts of *Boykin* does not automatically vacate the plea. The state may still show, by way of post-conviction proceedings, that the plea was voluntarily made.[4] *Todd v. Lockhart,* 490 F.2d 626, 627–628 (8th Cir. 1974) (per curiam).

■ The respondent has not carried its burden of proof here. There was no independent testimony offered by the state that the petitioner was not beaten or maced. There is, on the other hand, evidence in the record by other prisoners that they and the petitioner were beaten and maced and that the guilty plea was made in order to escape the custody of the jailers. *See Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

■ The District Court granted the petitioner relief on the ground that a plea bargain made with the prosecutor was breached. It relied on *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). We decline to adopt this reasoning because the agreement to recommend a five-year sentence was conditioned upon a request for recommendation by the state court. *See* n.2, *supra.* Further, it was explained to the petitioner that the recommendation, if

---

*Rapp v. Wolff,* 489 F.2d 712 (8th Cir. 1974) (per curiam) (defendant given an opportunity to withdraw plea after agreement rejected by court).

3. The sentencing judge testified, by deposition, that he disbelieved the petitioner's declaration of innocence at the sentencing hearing because he declined to deny the charge when he entered his plea of guilty. Also, the sentencing judge testified: "Why I don't know, but I didn't place any credence in what he—in the statement he made that he had been mistreated by the officers before he entered his guilty plea."

The sentencing judge's reliance upon the petitioner's prior admission of guilty is misplaced. As recognized in the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft 1968) § 3.1 at 61, the entry of a plea of guilty is often viewed by the defendant as a mere formality.

4. The burden of proof in the state post-conviction proceeding was erroneously placed on the petitioner.

made, would not be binding upon the court.[5]

■ We do, however, believe that the petitioner was influenced to plead guilty by his belief that a five-year sentence would be given. In our view, this understanding was not an unreasonable one and is an additional factor supporting a finding that the plea of guilty was an involuntary one.[6] *See Reed v. Turner,* 444 F.2d 206, 209 (10th Cir. 1971) (the voluntariness of a plea of guilty turns on the subjective mind of the defendant); *Ford v. United States,* 418 F.2d 855, 858 (8th Cir. 1969) (same); *United States v. Lester,* 247 F.2d 496, 501 (2nd Cir. 1957).

The decision of the District Court is affirmed. The·judgment and sentence entered against the petitioner on his plea of guilty is vacated, with the right preserved in the State of Missouri to take such further action against the petitioner as is appropriate.

---

5. The state prosecutor, Mr. McGhee, testified:

I told Mr. Trammell [the petitioner's attorney] that if Mr. Griffith entered a plea of guilty to one sodomy charge that I would dismiss the other cases pending against him, and that if Judge Billings [the sentencing judge] *should ask me for a recommendation* that I would recommend a sentence of five years. (Emphasis added.)

Mr. Trammell testified:

Q. And what did he [Mr. McGhee] say he would recommend?
A. He said that he would recommend five years.
Q. Now, did you convey that information to your client?
A. That was at his request. In our conversation prior to the time I saw Mr. McGhee, Mr. Griffith had informed me that he had been talking with Mr. Vandiver [the petitioner's codefendant] and that, that Mr. Vandiver had been, stated that a five-year recommendation would be made on his case and

could he get the same recommendation. And I informed him at that time that the Judge was not requesting any recommendation, that it was a matter strictly up to the Judge and the Judge hadn't been asking any, but he insisted that since there had been something on Vandiver, that I should ask that, even though I had informed him of the fact that it was not going to do any good because the Judge was not going to ask for a recommendation.

6. If all that was present in this case was an inaccurate prediction of sentence by defendant's counsel, without the apparent agreement of the prosecutor as to the length of sentence and the testimony of physical coercion, an otherwise voluntary plea of guilty would not be vitiated. *See Masciola v. United States,* 469 F.2d 1057, 1059 (3rd Cir. 1972) (per curiam); *Swanson v. United States,* 304 F.2d 865, 866 (8th Cir.) (per curiam), *cert. denied,* 371 U.S. 894, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962).