STATE of Missouri, Respondent,

v.

Vito VITALE, Appellant.

No. 37121.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 7, 1976.

Donald L. Wolff, Deborah H. Weinstein, Clayton, for appellant.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant was charged with child molestation. After two days of trial, and on January 9, 1975, appellant indicated that he wished to withdraw his plea of not guilty and to enter a plea of guilty. The trial court interrogated appellant at length and concluded that "the plea is made voluntarily with understanding of the nature of the charge." It accepted the plea and ordered a pre-sentence investigation, and that appellant appear for sentencing on February 28. At that time appellant apparently made an oral request to withdraw the plea of guilty, but the record before us contains no such request, and there is nothing to indicate the basis for it.

The record reflects that the following occurred on February 28, 1975.

"The Court: On your plea of guilty the Court sentences you to two years in the custody of the Missouri Department of Corrections, suspends execution of that sentence, places you on probation to the Missouri State Board of Probation and Parole for a period of five years with the regular conditions and special conditions which I have gone over with you and which you have agreed to comply with."

On March 24, 1975, appellant filed a motion pursuant to Rule 27.25 to withdraw his plea of guilty. After a hearing the trial court overruled the motion and this appeal followed.

An application to withdraw a plea of guilty made pursuant to Rule 27.25 after the imposition of sentence is necessarily an attack on the validity of that sentence within the meaning of Rule 27.26, and the procedure to be followed is set forth in the latter rule. *State v. Mountjoy*, 420 S.W.2d 316, 323 (Mo.1967).

Rule 27.26 (a) provides that "This Rule is intended to provide the exclusive procedure which shall be followed" in attacking the validity of a sentence, and in paragraph (b) it is stated that "The provisions of this Rule may be invoked only by one in custody claiming the right to have a sentence vacated, set aside or corrected." Appellant is under suspended sentence and on probation, but "For purposes of 27.26 appellant is * * * 'under sentence', and the custody of his probation flows from the sentence imposed but not executed." *Nicholson v. State*, 524 S.W.2d 106, 111 (Mo. banc 1975).

In paragraph (c) of Rule 27.26, it is provided that "A motion to vacate a sentence must be submitted on a form substantially in compliance with the form" appended to the Rule, and in paragraph (i) it is further provided that "The [trial] court shall make findings of fact and conclusions of law on all issues presented, * * *." The motion in this case was not submitted on the form provided by the Rule, and there were no findings of fact and conclusions of law by the trial court. Paragraph (j) provides that "Appellate review shall be limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." In the absence of such findings and conclusions it is not possible for this court to provide the appellate review contemplated.

■ The judgment is reversed with directions that the trial court determine whether there has been substantial compliance with paragraph (c) of Rule 27.26, and if not to dismiss the motion without prejudice. If substantial compliance is found, the trial court is directed to enter its findings of fact and conclusions of law in compliance with Rule 27.26(i).

It is so ordered.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.