William Earl VANDIVER,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10195.

Missouri Court of Appeals,
Springfield District.

June 3, 1977.

Donald R. Rhodes, Bloomfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

Before TITUS, P. J., and STONE and FLANIGAN, JJ.

PER CURIAM:

While movant and three fellow prisoners were incarcerated in the Stoddard County jail under various charges and convictions, each was additionally charged with three acts of sodomy upon two other inmates. Movant pleaded guilty and received a 30-year sentence. After evidentiary hearings, he now appeals from the trial court's judgment denying his Rule 27.26 motion to vacate the sentence. Movant has been permitted to litigate his motion and this appeal in forma pauperis and has been afforded the services of various court-appointed lawyers at every stage of the procedure.

It suffices to say that movant's guilty plea was accepted by the trial court only after it meticulously questioned movant personally and thoroughly explained to him each of his constitutional rights that he would be waiving should he plead guilty, after it carefully inquired into the voluntariness of the plea, and after establishing its factual basis. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Flood v. State*, 476 S.W.2d 529, 535–536 (Mo.1972). Among other things before accepting the plea, the court ascertained that movant was satisfied with the services of his counsel; that movant had committed the act of sodomy charged in Case 71–CR–250; that movant understood the court would not impose sentence until it received a presentence report; that movant had not been mistreated, coerced or threatened nor had he received any promises, inducements or representations to cause him to plead guilty; that movant was aware the possible sentence could range from two years to life imprisonment; and that movant understood the court was not bound by any agreements or proposals that may have been made between himself, his counsel and the prosecuting attorney. Following acceptance of the plea, the state dismissed the other two sodomy charges.

During the nine weeks which elapsed between acceptance of the plea and imposition of sentence, movant conferred and corresponded with counsel, inter alia, anent withdrawing his guilty plea. The lawyer prepared and sent to movant a "Motion to Withdraw Guilty Plea" and admonished movant to add all other reasons he might have for making the motion. Movant signed and returned the motion as written. He did not ask or suggest that additional grounds for the motion be made. As filed, the reasons for the motion were: "1. Defendant entered said plea of guilty in order to escape the deplorable conditions and treatment he was enduring in the Stoddard County jail at the time of said plea and not because of guilt. 2. Defendant is, in fact not guilty of the charge herein."

When the day for sentencing arrived, this occurred: "The Court: Let the record show . . . the defendant is now before the Court, and appears in person and by attorney . . . initially on a . . . motion to withdraw guilty plea. [Defendant's Counsel]: . . . I believe . . . the defendant has something he wants to say to the Court in that regard. The Defendant: Yeah, I'd like to withdraw this here motion. The Court: What is the basis for your request? The Defendant: I don't have one. The Court: Let the record so show. Motion to withdraw plea denied." Addressing movant, the court thereafter summarized the presentencing report and said, in part, "When you kick people and stomp people and abuse them sexually as you did, I'll be frank, I have seriously considered committing you to life imprisonment. Now, if there's anything you want to say in your own behalf, right now is the time you're going to get. Do you have anything to say? The Defendant: No."

█ The Rule 27.26 motion filed in this case contained several alleged grounds for relief, all of which were denied in the exhaustive findings of fact and conclusions of law filed by the trial court. Rule 27.26(i). However, on appellate review we consider only those grounds preserved in movant's brief. *Borman v. State*, 528 S.W.2d 502[1] (Mo.App.1975).

In asseverating his sentence should be vacated, movant says: (a) his plea of guilty was involuntary because it was induced by coercion and mistreatment inflicted upon

him while he was confined in the Stoddard County jail; (b) his plea was made in reliance upon a broken promise that if he pleaded guilty, he would receive a sentence of five years and all other charges would be dropped; and (c) while ceding that the court had followed proper and adequate procedures in ascertaining the voluntariness of the guilty plea on the day of its acceptance, the court erred in failing to make additional and further inquiry into the voluntariness of the plea before imposing sentence because movant, in the meantime, had proclaimed his innocence and asserted the plea was the result of mistreatment and coercion.

*As to (a)*: At the hearings conducted on the Rule 27.26 motion, movant and his erstwhile jail companions testified that after being accused of the sodomitical acts, they were isolated from other jail inhabitants by being placed in separate cells and were thus deprived of free access to the jail facilities. Movant lamented the removal of his boots—the footgear he allegedly employed to kick and stomp the averred victims of the crimes. All four said they repeatedly had been forced to do "push-ups" and when they refused or were unable to do so, they were "Maced" and subjected to other physical abuse. They described themselves as the recipients of frequent beatings by the sheriff, his deputies and a member of the state highway patrol. Also, they complained of being required to eat their meals through the bars of the cells. To the contrary, the sheriff, two deputies and a trooper testified they never struck, beat, "Maced" or forced movant or his witnesses to do "push-ups" and had never seen others perform such acts. All denied that movant had been subjected to the abuse of which he complained. Movant's boots were removed and he and his companions were separated from other prisoners because this was deemed necessary for the protection and safety of the remainder of the occupants of the jail. It was also said that the plates upon which meals were served were capable of being received into the cells via slots provided for that purpose. A lawyer present when movant pleaded guilty, the

prosecuting attorney and movant's lawyer at the time, stated that they had observed no bruises, abrasions or similar marks on movant's body to indicate he had been subjected to physical abuse. Movant's counsel at the time of the guilty plea, testified that movant had not complained to him of ill treatment while in the Stoddard County jail before entering his plea.

■ Whether movant's plea was voluntary vel non because of "the deplorable conditions and treatment he was enduring in the Stoddard County jail at the time of said plea," turned upon the credibility of the witnesses. The credibility of witnesses is a question of fact for the trial court and is not to be considered on review of a Rule 27.26 hearing. *Parton v. State*, 545 S.W.2d 338, 341[4] (Mo.App.1977). The weight of the evidence and the credibility of the witnesses are matters for the trial court alone [*Bibee v. State*, 542 S.W.2d 540, 542[4] (Mo. App.1976); *Trice v. State*, 540 S.W.2d 613, 615[3] (Mo.App.1976)], and the trial court had the right to reject the testimony of movant and his witnesses and to believe the testimony of the witnesses appearing for the state. *Blanchard v. State*, 504 S.W.2d 180, 181[1] (Mo.App.1973). Since the trial court believed the evidence adduced by the state, it follows that movant was not subjected to the mistreatment of which he complained and that his plea of guilty was not induced by reason thereof.

*As to (b)*: The tenor of movant's evidence was that he pleaded guilty not only because of the alleged mistreatment he had received in jail, but also because he was assured by his counsel and the prosecuting attorney that if he did so he would receive a 5-year sentence and the other two pending sodomy charges would be dropped. On the other hand, the prosecutor said he agreed to dismiss two of the charges and recommend a 5-year sentence only "in the event" the judge "should ask for a recommendation." Movant's counsel testified he "repeatedly" told movant and his parents that the judge "was not required to follow the recommendation of the Prosecuting Attorney" and "that the five year so-called arrangement

or whatever with the Prosecutor was merely going to be a recommendation, that it was not a promise, that it was not guaranteed." The judge did not ask for a recommendation and, of course, there is no dispute that the prosecutor did, in fact, drop the other two charges.

■ Again we have a conflict in the testimony which the trial court resolved in favor of the state. Mere erroneous expectations of a defendant as to sentencing are not in and of themselves a sufficient ground for postconviction relief or for permission to withdraw a guilty plea. *Masciola v. United States*, 469 F.2d 1057, 1058[1] (3rd Cir. 1972). As believed by the trial court, what movant's attorney and the prosecutor said were not even simple predictions of what the sentence would be, and such predictions are not grounds for attacking a plea. *Swanson v. United States*, 304 F.2d 865, 866[1] (8th Cir. 1962), cert. denied, 371 U.S. 894, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962). Rather, the only agreement made was that the prosecutor would recommend a 5-year sentence if and provided the court would ask for it. Furthermore, the agreement was accompanied by repeated warnings that it was not a promise or a guarantee that a 5-year sentence would be imposed.

The so-called plea bargaining in this case was based solely upon a contingency which did not occur. Under the evidence accepted and believed by the trial court, neither the prosecutor nor movant's attorney overreached or represented to movant that a 5-year sentence was a certainty. There was nothing said by either the prosecutor or movant's attorney which reasonably could be interpreted in the manner claimed by movant.

*As to (c)*: In summary, movant asserts the record does not affirmatively show the plea of guilty was a voluntary one because after movant's plea was accepted, the court, before pronouncing sentence, was made aware by the motion to withdraw his plea, that movant was asserting his innocence and contending his plea was induced by mistreatment. Movant relies on *Griffith v. Wyrick*, 527 F.2d 109 (8th Cir. 1975). In *Griffith* it was held that the trial court, upon learning of defendant's claim of innocence and that his plea was entered in order to escape the custody of his jailers who had allegedly beaten and maced him, was required to inquire into those matters so that the record would affirmatively show, under the totality of the circumstances, that the plea of guilty was voluntary.

■ While it is apparent there was some confusion at the hearing which preceded the sentencing, the record shows that the trial court did, in fact, inquire of movant the basis for wishing to withdraw his motion or the plea of guilty. To this question, movant answered, "I don't have one." But assuming, arguendo, this inquiry was not sufficient to affirmatively show the voluntariness of the plea as required by *Griffith*, the state may still show by way of postconviction proceedings under Rule 27.26, that the plea was voluntarily made. *Todd v. Lockhart*, 490 F.2d 626, 627–628[2, 3] (8th Cir. 1974).

Unlike the record of the Rule 27.26 proceedings in *Griffith*, the state in this case carried its burden of proving, as seen under (a) and (b), supra, that the plea was not induced by mistreatment of movant at the hands of his jailers and was not inspired by a broken promise of a certain 5-year sentence. Whatever deficiencies may have existed when movant pleaded guilty and was sentenced, were satisfied by the proof offered by the state in the Rule 27.26 hearings in this cause.

We find no error in the judgment nisi and order it affirmed.

All concur.