STATE of Missouri, Plaintiff-Appellant,

v.

Vito VITALE, Defendant-Respondent.

No. 39452.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 9, 1978.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Wolff, Frankel, McConnell & Passanante, Paul J. Passanante, Clayton, for defendant-respondent.

McMILLIAN, Judge.

The State of Missouri (appellant) appeals from an order entered in the circuit court of St. Louis County setting aside a plea of guilty and sentence. Rules 27.25, 27.26, V.A.M.R. For reversal appellant argues that the trial court's order setting aside respondent Vito Vitale's guilty plea and sentence was clearly erroneous. We disagree and, accordingly, affirm the judgment.

On January 6, 1975, respondent entered a plea of guilty to a charge of child molestation, pursuant to the decision in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Respondent had initially chosen to plead not guilty and proceeded to trial before a jury. After detailed examination of respondent, the trial court found the guilty plea was made voluntarily with an understanding of the nature of the charge. Thereafter, the trial court sentenced respondent to two years imprisonment; execution of the sentence was stayed and respondent placed on probation for a period of five (5) years.

On March 24, 1975, respondent filed a motion to withdraw his plea of guilty and on May 1, 1975, a hearing was held on that motion. On May 6, 1975, the trial court overruled respondent's motion to withdraw his plea of guilty. Respondent appealed. The court of appeals reversed and remanded with directions to the trial court to determine whether there was substantial compliance with Rule 27.26(c), V.A.M.R. *State v. Vitale*, 541 S.W.2d 329 (Mo.App.1976).

Respondent withdrew the motion to withdraw his plea of guilty pursuant to Rule 27.25 and substituted a motion to vacate judgment and sentence pursuant to Rule 27.26. On May 27, 1977, a hearing was held on respondent's Rule 27.26 motion. The cause was submitted on the transcript of the original hearing on the motion to withdraw the guilty plea. The trial court set aside the guilty plea and sentence "for the reason that [respondent] did not understand the nature of his plea of guilty." This appeal followed.

Appellant's sole argument on appeal is that the trial court's order setting aside respondent's guilty plea and sentence was clearly erroneous because the trial court's finding that respondent did not understand the nature of his plea of guilty is clearly refuted by the record. Respondent contends that the record clearly supports the trial court's order. Our review in a post-conviction proceeding is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. *E. g., Williams v. State*, 536 S.W.2d 190, 191 (Mo.App.1976). The decision of the trial court is clearly erroneous only if, after review of the entire record,

the court is left with the definite and firm impression that a mistake has been made. *E. g., Crosswhite v. State,* 426 S.W.2d 67, 70–71 (Mo.1968) citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Coleman v. State,* 542 S.W.2d 53, 54 (Mo.App. 1976).

The transcript of the guilty plea proceeding shows that appellant was not mentally ill, addicted to drugs or alcohol; had been advised of the charge, discussed the case with his attorney, and understood the nature of the charge; had been advised of his rights and was satisfied with the advice of his attorney; understood that he was waiving his right to continue with the jury trial, to call witnesses to testify on his behalf, and to have the state prove the charge against him beyond a reasonable doubt; understood that he was pleading guilty to a felony, the effect of such a plea and the range of the possible sentences; stated that no one made any promises, threats or inducements to lead him to plead guilty; knew that his attorney, the prosecuting attorney and the judge had discussed what might be done if he did plead guilty; knew that the prosecuting attorney was not going to make a recommendation for sentencing and was willing to permit the judge to impose whatever punishment suitable and just under these circumstances. Appellant's attorney testified that he did not know of any reason why appellant should not plead guilty. The trial court accepted the guilty plea, finding that it was made voluntarily with an understanding of the nature of the charge. It is true that similar records in other cases have been held sufficient to support the trial court's finding of voluntariness. See, *e. g., Beavers v. State,* 520 S.W.2d 675 (Mo.App.1975); *Griffin v. State,* 513 S.W.2d 706 (Mo.App.1974).

At the evidentiary hearing on May 1, 1975, the transcript of which was subsequently used on remand, the record shows that appellant admitted making the guilty plea; that he pleaded guilty because his attorney told him to plead guilty; that his attorney said that he (the attorney) and the judge had gotten together with the result

that the judge would sentence him to six months probation and drop the charge itself if he pleaded guilty; that he did not understand that he was pleading guilty to a child molestation charge at the time he did so and did not make the guilty plea voluntarily; that he was not guilty of the offense charged; that he did not plead guilty because he feared the jury would assess a greater punishment than if he pleaded guilty; and that he left everything up to his attorney who he now believed had "led [him] the wrong way." The state called a polygraph examiner but this witness was excused before he testified. On remand the state attempted to call the appellant's attorney (counsel at trial and at the guilty plea proceeding) as a witness but was unable to reach him.

Under these circumstances the trial court was confronted with two different stories: (1) the guilty plea proceeding in which appellant was thoroughly questioned by the trial court and answered consistently with the ultimate finding of voluntariness and (2) the evidentiary hearing in which appellant stated that he did not understand at the time that he was pleading guilty to the charge and pleaded guilty only because his attorney promised him six months probation. The credibility of the witnesses, including the movant in a proceeding for post-conviction relief, is an issue for the trial court. See, *e. g., Campbell v. State,* 515 S.W.2d 453 (Mo.1974); *Parton v. State,* 545 S.W.2d 338 (Mo.App.1976); *Trice v. State,* 540 S.W.2d 613 (Mo.App.1976). The trial court in the present case found the story presented at the evidentiary hearing to be the more credible version and set aside the guilty plea and sentence. We can find nothing in the record before us that indicates this conclusion is clearly erroneous.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.