Russell Dean FELLERS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10795.

Missouri Court of Appeals, Southern District.

Jan. 15, 1979.

David R. Fielder, Fielder & Jones, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before FLANIGAN, P. J., STONE and TITUS, JJ., and MOORE, KENNEDY, PYLE and CAMPBELL, Special Judges.

BEN F. PYLE, Special Judge.

On February 28, 1977, Appellant-Movant entered a plea of guilty to an amended charge of first-degree robbery. He was sentenced by the trial court to a term of 15 years in the Department of Corrections. Movant's motion under Rule 27.26, V.A. M.R., was filed May 2, 1977. Movant appeals from the trial court's denial of his motion to vacate the sentence following an evidentiary hearing on August 22, 1977.

In his first point on appeal, movant contends that the trial court erred in denying his motion because the judgment was entered on an involuntary guilty plea induced by his believing that if he pleaded guilty he would receive a sentence of from 7 to 13 years and possibly probation.

This court's review in a post conviction proceeding is limited to determining whether the findings, conclusions and judgment of the trial court are "clearly erroneous." Rule 27.26(j), V.A.M.R.; *Brown v. State,* 495 S.W.2d 690, 694[2] (Mo.App. 1973); *Pickens v. State,* 549 S.W.2d 910, 912 (Mo.App.1977); *State v. Vitale,* 566 S.W.2d 836[1] (Mo.App.1978). The decision of the trial court is "clearly erroneous" only if, after review of the entire record, this court is left with the definite and firm impression that a mistake has been made. *Crosswhite v. State,* 426 S.W.2d 67, 70–71 (Mo.App.

1968); *Bennett v. State,* 549 S.W.2d 585[1] (Mo.App.1977).

 In support of his first point, movant testified at his 27.26 hearing that his attorney Stephen P. Seigel, told him, prior to his pleading guilty that if he pleaded guilty he would receive a sentence of no more than 13 years and possibly probation. Movant also testified that his attorney told him to answer the questions of the sentencing judge in the negative in order for the court to accept his guilty plea. Movant's attorney, however, testified that he told his client that the State would, on his pleading guilty, recommend to the court a sentence of 13 years, but that the judge was not bound by the State's recommendation and could sentence him from five years to life imprisonment. In regard to possible probation, Attorney Seigel stated that he advised the movant that the judge always had the option to grant a parole but that he didn't feel that in this case movant could expect a parole because of his past record and the nature of this charge.[1] Movant's stepbrother, Robert Cook, testified in behalf of the movant at the 27.26 hearing. Cook did, under cross-examination, admit that he had overhead some conversation between movant and his attorney prior to the plea of guilty being entered, and that his attorney didn't specifically state that movant would be sentenced to 13 years because he didn't know what the judge would do, that it could be less or it could be more. An examination of the transcript of movant's guilty plea reveals that the trial court fully complied with Rule 25.04, V.A.M.R., which provides that the court shall not accept a plea of guilty without first determining that the plea is made voluntarily with an understanding of the charge. The trial court here was very thorough in its questioning of the movant at the time of his plea. Movant was fully advised of his rights, the nature of the charge, the range of punishment that could be imposed, the fact that the court was not bound by the recommendation of the State and could give him more or less than that recommended. Movant also, at the time of his plea, admitted that no threats or promises had been made to him to get him to enter his plea of guilty. Clearly, the record of movant's guilty plea refutes the allegations he now makes that he believed he would only receive a sentence of 13 years. Likewise, his claim of possible probation is refuted by the entire record. The credibility of the movant at the 27.26 hearing is an issue for the trial court and the court is not required to believe movant's testimony. Movant's credibility should not be considered either on appeal or in a hearing to set aside a conviction. *Cooper v. State,* 520 S.W.2d 666[9] (Mo.App.1975); *Parton v. State,* 545 S.W.2d 338[4] (Mo.App.1976). This court does not believe that the findings made by the trial court that movant's plea was entered freely and voluntarily and not as a result of coercion or promises were "clearly erroneous." This point is ruled against the movant.

It should be noted that the case of *Schellert v. State,* 569 S.W.2d 735, recently decided by the Supreme Court of Missouri, could have been the basis for this case being remanded back to the trial court for the entry of a new plea. That case holds that a trial court should afford a criminal defendant the opportunity to withdraw a plea of guilty in any case in which the trial judge determines not to follow the plea agreement or recommendation of the State. The Supreme Court, however, specifically provided that its decision in *Schellert* was to apply to that case and prospectively only.

 In his second point on appeal, movant contends that the trial court erred in denying his 27.26 motion because he was denied effective assistance of counsel. Movant alleges that he informed his attorney prior to his guilty plea of certain alibi witnesses and that his attorney failed to properly investigate and determine the propriety of an alibi defense. Movant further alleges that he told his attorney that he was

---

1. It should be noted that the movant was charged in the amended information as a second offender and entered a plea of guilty thereto. His previous conviction was for felonious stealing in 1958.

not guilty of this robbery charge and that his counsel had the responsibility to thoroughly investigate his case which he failed to do.

 Inasmuch as the judgment and sentence are based upon a plea of guilty, the issue of counsel's adequacy is material only to the extent that it bears on the voluntariness and understanding of the plea. *Barylski v. State,* 473 S.W.2d 399, 402 (Mo.App.1971); *Bennett v. State,* supra. Here the movant is bound by his plea unless he can allege and prove serious dereliction on the part of his counsel sufficient to show that his plea was not, after all, a knowing and intelligent act.

The movant testified at his 27.26 hearing that he told his attorney that he was not guilty and he wanted his step-mother, Marcella Fellers, called as a witness to establish his alibi that he was home at the time of the robbery. Movant denied that he told anyone that he was guilty. In contradiction to this testimony, Attorney Seigel stated that the movant did admit at all times that he had committed the robbery but that he had used a blank gun and would not plead guilty to robbery by means of a dangerous and deadly weapon.[2] Seigel further testified that movant at no time ever mentioned any alibi witness, but in fact told him that he had no alibi and was guilty of the amended charge. Robert Cook, movant's witness, testified that he heard his step-brother say he wanted to plead guilty because he was guilty. In addition, the transcript of the guilty plea clearly indicates that movant admitted committing the robbery. Here again, the trial court, faced with conflicting testimony, found movant's testimony not to be credible and in its findings held that movant did not advise his attorney of any witnesses to his alleged alibi defense until the subsequent hearing on the motion to vacate. Movant's contention that he had ineffective assistance of counsel is completely refuted by the entire record. The findings of the trial court are not clearly erroneous. This point is also ruled against the movant.

The judgment is affirmed.

FLANIGAN, P. J., STONE and TITUS, JJ., and MOORE, KENNEDY and CAMPBELL, Special Judges, concur.

---

**2.** The State did amend the original charge from first-degree robbery by means of a dangerous and deadly weapon to first-degree robbery, to which the defendant pled guilty.