**William Junior WEEMS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11173.**

Missouri Court of Appeals, Southern District, En Banc.

Nov. 27, 1979.

John R. Hopkins, Jr., Banta, Banta & Hopkins, Charleston, for movant-appellant.

John D. Ashcroft, Atty. Gen., James R. Cumbee, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Movant, then defendant, was jury-convicted on two counts of stealing by deceit. The jury fixed punishment at five years of imprisonment on each count. No motion for a new trial was filed. After affording allocution, the court pronounced sentences in accordance with the verdicts and specified that "in the discretion of the court and not by reason of any statutory requirements" the sentences would run consecutively. There was no appeal. We now, however, have an appeal, following evidentiary hearing, from the court's denial of movant's Rule 27.26 motion, V.A.M.R., to amend or vacate the sentences.

In his Rule 27.26 motion, movant averred "he was denied the effective assistance of counsel at a critical stage of the proceedings against him, and in that critical stage of the proceedings movant claims he was denied his state and federally protected right to have a motion for new trial prepared including the prosecution of an appeal on his behalf." Movant's lone point relied on in this appeal states: "The court erred in denying movant's motion to vacate and set aside the sentence and allow motion for new trial to be filed because movant was denied his constitutional right of effective assistance of counsel at all stages of the proceedings. Movant's counsel was ineffective to movant's prejudice in that counsel did not file motion for new trial in accordance with appellant's [movant's] qualified instructions, nor did counsel adequately inform appellant [movant] that sentences could run consecutively so that grounds for new trial could be explored." Unlike reproductions here, the foregoing quotes from movant's motion and his point relied on, supra, were penned in capital letters. Such presentations, we surmise, were designed to overpower, by written shoutings, half the shortcomings envisioned in the merits of the cause. (Apologies to John Milton, *Paradise Lost*, Book I, line 648).

At the hearing on the Rule 27.26 motion, movant, in substance, testified that at his trial on the two charges of stealing by deceit he "understood" that when "Mr. McTigue, the foreman of the jury . . . read out" the verdicts it was for "two fives to run concurrently." Movant stated his lawyer "said he understood [the sentences were] running concurrently also", so "I told him as long as my two times was running concurrently I didn't want to file an appeal or no motion for new trial." On cross-examination, movant acknowledged that at the time of allocution and sentencing, the following occurred: "The Court: In accordance with the verdict of the jury and after having advised the defendant of the jury's verdict returned herein and no motion for a

new trial having been filed, the court . . sentences the defendant to five years on Count I and five years on Count II, and it is further ordered that the sentence on Count II run consecutively with the sentence in Count I[1] . . . .. Do you have anything to say or any lawful or legal reason or cause to give why the court should not pronounce sentence? [The defendant] No, sir."

It was further established from the record during movant's testimony that one Prince Moxley, not Mr. McTigue, was foreman of the jury at the criminal trial and that the court "read out" the verdict rather than the foreman as contended by movant. Also, the transcript of the proceedings at the time of sentencing shows the following occurred: "The Court: Now, I find that no motion for new trial was filed. [Defendant's Counsel] That is correct, Your Honor. The Court: You consulted with your lawyer about that motion? The Defendant: Yes, sir. The Court: And it was at your request that no motion be filed? The Defendant: Yes, sir."

Movant's counsel on the criminal charges testified at the hearing of the Rule 27.26 motion. Briefly, he stated that although he moved the court to have the sentences run concurrently (which was overruled by the court in movant's presence), movant's instructions to him not to file a motion for a new trial and not to take an appeal were not conditioned upon the imposed sentences running concurrently.

■■■ Appellate review of the trial court's ruling on a Rule 27.26 motion is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.-26(j). A determination that the trial court was "clearly erroneous" is permissible only if, after reviewing the record, this court is left with a definite and firm impression that a mistake has been made. *Fellers v. State*, 576 S.W.2d 571, 572[1] (Mo.App.1979). Also to be remembered is that the burden

1. We are confident the court did not speak in Roman numerals as indicated by the transcript on appeal as quoted above.

of proof in these cases lies upon movant [*Pickens v. State*, 549 S.W.2d 910, 913[8] (Mo.App.1977)], and as the weight of the evidence and the credibility of the witnesses are matters for the trial court alone, it has the right to reject the movant's testimony and believe testimony contrary thereto. *Vandiver v. State*, 552 S.W.2d 374, 376[2, 3] (Mo.App.1977).

In view of the previously noted inconsistencies between movant's testimony and the record regarding the identity of the jury foreman, and who "read out" the verdicts and the proceedings at the time of allocution and sentencing, and in light of the testimony of counsel who represented movant in the criminal trial that movant's waiver of a new trial motion and appeal was not conditioned upon concurrent sentencing, we are possessed of no definite and firm impression that the court nisi's order denying the Rule 27.26 motion was a mistake or clearly erroneous.

Judgment affirmed.

All concur.