Charles Lewis MILLER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12020.

Missouri Court of Appeals, Southern District, Division Three.

April 9, 1981.

Motion for Rehearing or Transfer Denied April 27, 1981.

Application to Transfer Denied June 8, 1981.

Charles L. Spitler, New Madrid, for movant-appellant.

John D. Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Appellant Charles Lewis Miller has appealed from the order of the Circuit Court of New Madrid County overruling his Rule 27.26, V.A.M.R., motion to vacate his sentence of life imprisonment for second degree murder. An evidentiary hearing was conducted and the trial court made and entered findings of fact and conclusions of law denying the motion. We affirm.

Appellant was arrested in April 1979, and charged with capital murder [§ 565.001, RSMo 1978] for the stabbing death of a motorist who had given appellant and a companion, both hitchhikers, a ride. An experienced trial lawyer of the New Madrid County Bar, the Honorable Harry Bock, was appointed to represent appellant. A preliminary hearing was held and appellant was bound over to circuit court where an information charging him with capital murder was filed. Appellant was arraigned on the charge and initially entered a plea of not guilty.

As a result of plea bargaining an amended information was filed, charging appellant with second degree murder [§ 565.004, RSMo 1978]. As a part of the plea bargain the appellant agreed to enter a plea to the reduced charge in exchange for a sentence of life imprisonment. Appellant's plea of guilty followed and he was sentenced to life imprisonment. Six months later, while in custody of the Missouri Department of Corrections, appellant filed this postconviction proceeding. An attorney was appointed to represent him and a hearing was held. The transcript of the guilty plea proceeding and the testimony of appellant and Attorney Bock was received by the trial court.

Appellant's motion, shorn of conclusions and abstract statements of law, alleged he lacked sufficient intelligence to enter an intelligent and voluntary plea of guilty and that he had entered the plea because his lawyer had told him he would receive the death penalty if he did not plead guilty to the lesser charge and accept a life sentence.[1]

Appellant testified he was in special education classes in grades five through twelve but did receive a certificate from high school. He said Attorney Bock told him he would "get the death penalty" if he did not plead guilty to second degree murder and take a life sentence. He stated his companion was the one who actually stabbed the motorist. He acknowledged he knew he was originally charged with capital murder and this offense carried the death penalty. He said he did not understand the things Attorney Bock had told him concerning his various rights, the charges, or matters of punishment, and that he did not understand the court's explanations of these matters at the time of his plea.

We have reviewed the transcript of the plea proceedings and it, as well as Attorney Bock's testimony, clearly and unequivocally refute appellant's contention his plea was involuntary. Appellant had the burden of proof to establish that his plea was involuntary by a preponderance of the evidence [*Weems v. State*, 590 S.W.2d 693 (Mo.App.1979)] and the credibility of the witnesses was for the trial court. *Helms v. State*, 584 S.W.2d 607 (Mo.App.1979). Furthermore, a plea of guilty in order to avoid the possibility of the death penalty does not render the plea involuntary. *Wright v. State*, 549 S.W.2d 554 (Mo.App.1977).

The judgment is affirmed.

All concur.

1. Conviction for capital murder is punishable by death or life imprisonment with no parole for fifty years. There is no prohibition against parole for one sentenced for second degree murder. § 565.008, RSMo 1978.