Ronald McCLELLAN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 44573.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1982.

Edward V. Ward, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Douglas Lind, Asst. Atty. Gen., Columbia, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Ronald McClellan appeals the post-evidentiary-hearing denial of his Rule 27.26 motion.

In 1978 defendant pled guilty to second-degree murder by killing the victim with multiple blows of an ax. The trial court, Judge Murray Randall presiding, then sentenced defendant to 22 years in prison. Thereafter Judge Randall denied defendant's Rule 27.26 motion and he has appealed.

Defendant's point here is that he was of limited intelligence and had a hearing defect; that he did not understand he was pleading guilty to second-degree murder; that he believed instead he was pleading guilty to manslaughter and would get a five-year sentence. He so testified at his Rule 27.26 hearing.

The state responds that the guilty plea record shows no basis for defendant's belief he was pleading guilty to anything less than second-degree murder.

In support of his motion defendant called his original court-appointed counsel, Mr. Joseph Webb. He testified that although he and defendant at first had some difficulty in communicating they overcame that. Mr. Webb did not affirm defendant's statement about promise of a five-year sentence for manslaughter; he never recalled having done so in a murder case.

We have studied the guilty plea record and find no support for defendant's contention about promise of a five-year sentence. At that hearing the court had carefully questioned and explained to defendant his various rights and options. Defendant then said he knew the state was going to recommend the 22-year sentence. After sentence was imposed defendant declined the court's offer to let him withdraw his guilty plea.

Judge Randall recalled that at the guilty plea hearing he became aware of defendant's hearing problem and took measures to be sure defendant "did understand what he was doing".

Here, defendant acknowledges our review is limited to determining whether the findings and judgment of the motion court were clearly erroneous. Defendant cites *State v. Vitale*, 566 S.W.2d 836[1, 2] (Mo. App.1978) where we held: "The decision of

the trial court is clearly erroneous only if, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made." A lower court's findings may be deemed clearly erroneous only when we reach a firm conviction a mistake has been made. *Bryant v. State*, 608 S.W.2d 101[2, 3] (Mo.App.1980).

Here, defendant has failed to meet his burden of proving the ground of his motion by a preponderance of the evidence. Rule 27.26(f).

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.