**David Paul CORCORAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 45865.**

Missouri Court of Appeals,
Eastern District, Division Three.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

James J. Knappenberger, Shaw, Howlett & Schwartz, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

On January 25, 1979, movant pled guilty to attempted rape and stealing from a building on May 10, 1978. Movant said he understood the range of punishment for attempted rape was two years to life. On May 5, 1979, defendant was sentenced to two years on stealing charges. The judge suspended imposition of sentence on attempted rape and placed movant on probation for five years on the stealing charge.

On February 8, 1980, movant's probation was revoked and he was sentenced to life on the attempted rape charge.

■ Movant contends the life sentence was improper under the statutes in effect on May 19, 1978. However, the life sentence was proper under *Jenkins v. State,* 545 S.W.2d 675 (Mo.App.1976) and *Hudson v. State,* 612 S.W.2d 375 (Mo.App.1980). Sections 556.150(3), 559.260 and 560.135, RSMo 1969.

■ Movant asserts his plea was not entered voluntarily, intelligently and knowingly in that he was promised ten years on the attempted rape charge as an inducement to plead guilty. However, the record refutes this contention. Movant expressed an awareness of the nature and elements of the charge to which he pled guilty, and was advised by the plea hearing trial court the range of punishment was from two years to

life imprisonment. *Babcock v. State,* 485 S.W.2d 85, 90 (Mo.1972).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.