**David CORCORAN, Appellant,**

v.

**Donald WYRICK, Appellee.**

No. 84–1945.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1985.
Decided March 18, 1985.

Melissa G. Zoccolillo, St. Louis, Mo., for appellant.

George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, BRIGHT and ARNOLD, Circuit Judges.

PER CURIAM.

David Paul Corcoran appeals the district court's [1] denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254 (1982) on the ground his plea of guilty to two Missouri criminal charges was not intelligently made with a full understanding

---

1. For instance, she justifies her use of the "income approach" (Appellee's brief at 9–10), which Jewell's witnesses failed to do.

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

of the possible range of punishment. We affirm.

In 1979, Corcoran was charged with attempted rape and second degree burglary as the result of an alleged incident in St. Louis County, Missouri. Pursuant to a plea agreement, the state reduced the burglary charge to charge of stealing from a dwelling, and agreed to recommend to the sentencing judge that if Corcoran were placed on probation, he should receive six years probation on each charge, but if probation were not granted, he should receive two years imprisonment on each charge. On January 25, 1979, Corcoran pled guilty to attempted rape and stealing from a dwelling. Before accepting the plea, the trial court inquired whether Corcoran understood the maximum punishment for attempted rape and stealing from a dwelling:

> THE COURT: What have you told him is the range of punishment on Count I, attempted rape:
>
> MR. SANDERS [Corcoran's attorney]: I explained to him on Count I, the range of punishment goes from two years to life, and on Count II, stealing from a dwelling, that punishment goes from a day to a year in the county jail or a fine of $1 dollar to a $1000 or two to ten years in the penitentiary, and that such sentences can be run concurrently or consecutively. That means either serving at the same time or one on top of the other.
>
> THE COURT: Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> ⱼ    *    *    *    *    *
>
> THE COURT: And that you might get from a day to a year or from two years to ten on the burglary—I'm sorry—on the stealing from a dwelling or might get two years to life on the attempted rape; you understand that?
>
> THE DEFENDANT: Yes, sir.

On May 9, 1979, Corcoran was sentenced to two years in prison on the stealing charge, with execution of the sentence suspended, plus five years probation. On the attempted rape charge, the court suspended imposition of sentence and placed Corcoran on five years probation. In a statement which now gives rise to Corcoran's section 2254 petition, the sentencing court also erroneously stated that if Corcoran violated probation, he could receive up to ten years in prison on the rape conviction.

Less than one year later, Corcoran was charged with committing several felonies.[2] His probation was revoked and he was sentenced to life in prison on the attempted rape conviction, and two years, concurrent, on the stealing conviction.

Corcoran then filed a motion for post-conviction relief under Missouri Rule 27.26, on the ground his guilty plea was entered without an understanding that he could receive life in prison for his attempted rape conviction if he violated probation. The trial court denied the motion after an evidentiary hearing, the Missouri Court of Appeals affirmed, *Corcoran v. State*, 652 S.W.2d 188 (Mo.App.1983), and the Missouri Supreme Court denied review. Corcoran then petitioned the United States District Court for the Eastern District of Missouri for habeas corpus relief under 28 U.S.C. § 2254 (1982). The court denied relief and Corcoran appeals.

■ Corcoran apparently does not contend that, at the time his guilty plea was accepted, the trial judge did not adequately inquire whether he understood that he could receive life in prison if he violated probation. He does appear to contend that he did not actually understand that he could receive life in prison, either because he was suffering from mental problems or because he was misled by the court's comments. This factual claim was considered and rejected on its merits by the Missouri trial court on Corcoran's Rule 27.26 motion after a full and fair hearing. The court found that Corcoran's claim was "unworthy of belief." Because this case arises from Corcoran's petition for habeas corpus under 28 U.S.C. § 2254, we must accord this factual finding of the state court a

---

**2.** Corcoran subsequently pled guilty to two charges of rape, two charges of armed criminal action, one charge of robbery and one charge of assault. He was sentenced to six concurrent life terms to be served consecutively to the life term now under challenge.

"presumption of correctness" under 28 U.S.C. § 2254(d). *Wainwright v. Witt,* — U.S. ——, 105 S.Ct. 844, 853–54, 83 L.Ed.2d 841 (1985); *Sumner v. Mata,* 449 U.S. 539, 551, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981) (*Sumner I*); *Sumner v. Mata,* 455 U.S. 591, 592, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982) (*Sumner II*). In *Sumner II,* the Court reaffirmed the holding in *Sumner I* and wrote, "[o]nly when one of seven specified factors is present or the federal court determines that the state-court finding of fact 'is not fairly supported by the record' may the presumption properly be viewed as inapplicable or rebutted."[3] *Id.,* 455 U.S. at 592, 102 S.Ct. at 1304. None of the seven factors specified in section 2254(d) are present here, and the state court's factual finding is "fairly supported by the record" because the transcript of the guilty plea hearing clearly indicates that Corcoran told the trial judge that he was aware that he could receive life imprisonment on the attempted rape charge if he violated probation.

Corcoran, however, contends that, because the trial court misinformed him at the *sentencing* that he could receive up to ten years on the rape charge if he violated probation, we must find that his plea of guilty was entered without an understanding that he could receive up to life imprisonment on the attempted rape charge. Corcoran cites *Griffith v. Wyrick,* 527 F.2d 109 (8th Cir.1975), in support of his claim, but that case provides no support for his argument. In *Griffith,* the defendant told the sentencing judge, before his sentence was entered, that he did not commit the crime and only pled guilty because he had been maced and beaten. We held that the sentencing judge erred by failing to make further inquiries into Griffith's claim and whether his guilty plea had been voluntary. In light of evidence which supported Griffith's claim at sentencing and evidence that he was also influenced to plead guilty by a reasonable belief that, under his plea agreement, he would receive a five-year sentence when he actually received a thirty-year sentence, we affirmed the district court's finding that Griffith's plea was involuntary.

Unlike Griffith, Corcoran made no claim at sentencing that his guilty plea was involuntary. Nor is there any evidence that Corcoran was coerced into pleading guilty or that he was misled by a plea agreement that he would receive a less severe sentence than that he actually received. Finally, although the sentencing judge erroneously stated that Corcoran could receive up to ten years on his attempted rape conviction if he violated probation, the sentencing judge's erroneous statement does not require reversal because the record[4] and the state court findings on Corcoran's post-conviction motion clearly indicate that he was aware that he could receive up to life imprisonment for his attempted rape conviction if he violated probation. Affirmed.

---

3. These seven factors, and the "not fairly supported by the record" exception are set forth in 28 U.S.C. § 2254(d) (1982).

4. *See State ex rel. Reece v. Campbell,* 551 S.W.2d 292, 301 (Mo.1977) ("The voluntary nature of defendant's guilty plea depends upon his understanding of what sentence he was to receive in return for it at the time his plea was entered.") *Accord Schriever v. United States,* 553 F.2d 1152, 1154 (8th Cir.1977).