**Charles Lewis MILLER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14295.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 14, 1986.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., for respondent.

PREWITT, Chief Judge.

Movant appeals from a dismissal without an evidentiary hearing of his second motion filed under Rule 27.26. Movant had pled guilty and been convicted of second-degree murder. He was sentenced to life imprisonment. Following an evidentiary hearing, his initial motion under Rule 27.26 was denied. The denial was thereafter affirmed. See *Miller v. State*, 615 S.W.2d 624 (Mo.App.1981).

Movant contends that the trial court erred in denying his second 27.26 motion without an evidentiary hearing because the motion alleged facts warranting relief, not refuted in the record, "in that appellant alleged he received ineffective assistance of counsel and was charged with capital murder despite there being insufficient evidence to support that charge." Rule 27.26(d) states:

> The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

■ To present contentions in a second 27.26 motion, the movant must allege a reason or reasons which, if established by proof, would authorize a finding that the movant could not have previously presented those grounds. *Jones v. State*, 521 S.W.2d 504, 506 (Mo.App.1975).

By amendment to his second motion, movant contends that the ground of insufficient evidence to charge him with capital murder was not raised in his first motion "because movant did not become aware of the ground until movant's co-defendant, Lonnie Neal, was tried on 1 May 1981, after movant's 27.26 motion, and because movant's 27.26 counsel was ineffective and did not inform movant of this ground."

The amendment also stated that the grounds of ineffective assistance of counsel was not previously raised "because it includes a ground of ineffective assistance of counsel by both movant's trial counsel and by counsel in movant's first 27.26 motion and because movant's 27.26 counsel did not inform movant of this ground in regard to movant's trial counsel." Movant asserts that because of limited mental capacity, he "should not be held to knowledge of the law or of the validity or existence of legal claims".

■ A claim of ineffective assistance of counsel in handling a previous Rule 27.26 motion is not a ground for relief in a second 27.26 motion. *Carter v. State*, 687 S.W.2d 577, 578–579 (Mo.App.1985). Thus, this ground cannot be pursued by movant.

■ The movant has not shown a sufficient reason for not raising the remaining grounds in the first motion. The information on which to base these other contentions, of course, was available to movant. Movant argues lack of legal knowledge based upon a claim of mental retardation. A lack of legal knowledge of movant does not excuse his failure to present known facts in a previous 27.26 motion. *Brown v. State*, 674 S.W.2d 578, 580 (Mo.App.1984).

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.