CRANDALL and GRIMM, JJ., concur.

**Randall ARMBRUSTER,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Defendant–Respondent.**

No. 54027.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1988.

Medford Dwight Robbins, Fredericktown, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PER CURIAM.

Movant was found guilty of capital murder, Section 565.001, RSMo (1978), and was sentenced to life imprisonment without probation or parole for 50 years. That conviction was affirmed on direct appeal. *See State v. Armbruster,* 641 S.W.2d 763 (Mo. banc 1982). Movant brought a Rule 27.26 motion.[1] The denial of that motion without an evidentiary hearing was affirmed. *Armbruster v. State,* 686 S.W.2d 519 (Mo. App.1985). Movant then brought a second Rule 27.26 motion, which was also denied without an evidentiary hearing. Movant appeals from the denial of that second motion. We affirm.

Movant contends that the trial court erred in denying his second Rule 27.26 motion because certain facts, although not new, were unknown to him at the time of the initial 27.26 motion.

A second or successive Rule 27.26 motion will not be entertained where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion. *See* Rule 27.26(d). A lack of legal knowledge on the part of movant does not excuse his failure to present known facts in a previous 27.26 motion. *Miller v. State,* 704 S.W.2d 719, 720 (Mo.App.1986); *see also* Rule 27.26(d).

In his second motion movant alleged that his confession was coerced, that his sentence was too harsh, and that his trial counsel was ineffective. Each of these contentions could have been raised in the previous Rule 27.26 motion. Movant's lack of knowledge of the proper legal grounds for a 27.26 motion is irrelevant. Movant is therefore precluded from bringing this second 27.26 motion. The trial court did not err in denying that motion. Movant's point of error is denied.

The judgment is affirmed.

All concur.

---

1. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri. New rules were adopted in lieu thereof. This appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. *See* Rule 29.15(m), effective January 1, 1988.