**George PHELPS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13562.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 3, 1985.

David Robards, Joplin, for movant-appellant.

John Ashcroft, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

As a result of a plea bargain, the movant entered pleas of guilty to two counts of kidnapping as a Class B felony, and a separate charge of escaping custody. He was sentenced to imprisonment for ten years on

each count of kidnapping and for five years on the charge of escape. The sentences were declared to run concurrently. By this proceeding under Rule 27.26, he seeks to set aside those pleas and sentences. Following an evidentiary hearing, the motion court denied the relief sought.

By his amended motion, movant alleged that the relief sought should be granted upon two grounds. First, that he had ineffective assistance of counsel because he was not provided any information about the cases and the investigation thereof. Second, his pleas were entered as a result of fear. In each instance he added that as a consequence, his pleas were involuntarily and unintelligently entered.

■ The movant received ineffective assistance of counsel within the meaning of Rule 27.26 if his attorney's performance did not conform to the degree of skill, care and diligence required of a reasonably competent attorney under similar circumstances. In addition, the appellant was required to show that he was thereby prejudiced. *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Witham v. Mabry,* 596 F.2d 293 (8th Cir.1979); *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979). The burden was upon the movant to produce evidence to establish his counsel's assistance did not measure up to that standard. *Miller v. State,* 615 S.W.2d 624 (Mo. App.1981). The resolution of conflicts in the evidence was for the motion court. *Andrews v. State,* 607 S.W.2d 762 (Mo.App. 1980).

Movant's point relevant to his first allegation is an impermissible general statement that he did not receive effective assistance of counsel in that counsel failed to keep movant informed of the cases. To consider this point it is necessary to look to his argument. One of his arguments is that he was not kept informed of the possible utilization of intoxication "as a means to reduce the severity of the charges and the punishment." Contrary to movant's testimony, his trial counsel testified he did discuss with movant the use of evidence of his intoxication and the possible reaction of the jury to that evidence. The resolution of this conflict in evidence was clearly encompassed in the motion court's finding that movant's trial counsel had kept him informed.

■ Further, irrespective of that resolution, the movant's argument has no substance. Intoxication was available only to negate the existence of a mental state of purpose or knowledge when such mental state was an element of the offense. § 562.076.1(1), amended 1983 Mo.Laws p. 924. It is not necessary to consider the elements of the offenses with which the movant was charged. The only evidence of the movant's state of mind when the offenses were committed was his testimony · that he was "pretty far gone." This falls far short of proof of the degree of intoxication cognizable under the repealed subsection. See *State v. Lee,* 647 S.W.2d 817 (Mo.App.1983); *State v. Bienkowski,* 624 S.W.2d 107 (Mo.App.1981).

The movant further argues he was not apprised of the progress of the defense as it related to the impeachment of witnesses and showing that movant had not committed some of the acts attributed to him. In no way has the movant even suggested what witnesses were subject to impeachment or in what manner. Nor has he in anyway specified any of the acts attributed to him that he did not commit nor how proof thereof would aid his defense.

■ There was evidence his trial counsel held 12 to 15 conferences with the movant. He discussed with him his possible defenses and developments in the cases as they occurred. Trial counsel represented the movant at the preliminary hearing on the kidnapping charges. Trial counsel deposed four witnesses in the presence of the movant. He employed an investigator to aid in the preparation of the case. When the movant decided to plead guilty, his trial counsel had prepared for trial to the extent that he had drafted some instructions on behalf of the defendant and was reviewing the list of prospective jurors. The trial court found movant "was well represent-

ed" and kept informed. The record contains an abundance of evidence to support that determination.

■ The movant also contends the motion court erred because the evidence establishes his pleas were induced by fear that if he did not plead guilty, he would get more time. Considering the record, it appears that had the movant submitted the charges against him to a jury or the court, it is indeed likely he would have been sentenced to imprisonment for a substantially longer time. The fear related in evidence by the movant is not the type of coercion that will vitiate a plea of guilty. *Miller v. State*, supra. "[C]onfronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, [yet] the imposition of these difficult choices [is] an inevitable'—and permissible —'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Johnson v. State*, 579 S.W.2d 132, 135 (Mo.App.1979). Also see *Johnson v. State*, 607 S.W.2d 185 (Mo.App.1980).

■ The movant's remaining point is that the motion court did not make specific findings of fact and conclusions of law on all issues as required by Rule 27.26(i). He argues "the issue on which the trial court should have addressed in its findings and conclusions was whether Movant's pleas of guilty were made knowingly and voluntarily."

As noted, the movant alleged his pleas were involuntarily and unintelligently made because he had ineffective assistance of counsel in that he was not kept informed. He further alleged his pleas were involuntarily and unintelligently entered because they were induced by fear. He alleged he would support the latter grounds by evidence that his trial attorney told him he would get more time if his case went to trial and that additional charges could be filed against movant and his girl friend. The trial court specifically found the movant was well represented and that movant did not sustain his burden of proof as delineated in *Seales v. State*, supra. This finding is a clear disposition of the movant's second assertion.

■ Further, also as noted, the movant did not present evidence of the type of fear or coercion that will vitiate a plea. In addition, the record made at the time of the acceptance of the movant's plea was sufficient to refute his assertion of fear and showed that he was not entitled to post conviction relief on that ground. *Miller v. State*, supra. "There is no need to remand for further findings and conclusions if those that appear in the record are sufficient for this court to make a determination as to the correctness of the trial court's action." *Jones v. State*, 604 S.W.2d 607, 609 (Mo.App.1980). The record is sufficient for this court to determine the action of the trial court was correct. *Greenhaw v. State*, 627 S.W.2d 103 (Mo.App.1982). The judgment is affirmed.

HOGAN, P.J., PREWITT, C.J., and CROW, J., concur.