Roy Milton **BRADFORD**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 14638.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 2, 1987.

Motion for Rehearing or to Transfer Denied Nov. 23, 1987.

Janet M. Thompson, Tim A. Wynes, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Roy Milton Bradford appeals from an order of the trial court denying, after an evidentiary hearing, his Rule 27.-26 [1] motion to set aside a conviction of four counts of sexual assault in the second degree. § 566.050. In the earlier criminal proceeding movant was sentenced, following a plea of guilty, to five years' imprisonment on each count, the sentences to run consecutively.

Movant's first point is that he was entitled to relief, and the trial court erred in ruling otherwise, because movant's counsel at the plea hearing was ineffective in failing to inform movant of the defense of a reasonable mistake of fact, the mistake being in respect to the age of the victim. A sufficient answer to this point is that the trial court properly found it lacked factual support.

Although movant testified that his attorney had failed to inform movant of the defense, the attorney testified that he had informed movant of the possibility of that defense and had discussed its nature with movant, and that for reasons of trial strategy the defense was not interposed. The trial court made an express finding that the testimony of the attorney "is more credible than that of the movant on this issue." That finding is fully supported by the record and, accordingly, is not "clearly erroneous." Rule 27.26(j). See *Phelps v. State,* 683 S.W.2d 665, 667[2] (Mo.App. 1985). Movant's first point has no merit.

Movant's second point is that he was entitled to relief, and the trial court erred in ruling otherwise, because movant's counsel at the plea hearing was ineffective in failing to inform movant that although the plea agreement stated that the state's sentence would run concurrently with movant's federal sentence, the federal court was under no duty to comply with the agreement. Movant states: "Lacking that crucial knowledge [movant] was thereby induced, to his prejudice, to plead guilty."

On September 3, 1983, movant entered a plea of guilty. Before the plea was accepted, movant's attorney, Joseph Howlett, informed the court that a plea bargain had been reached. In addition to calling for dismissal of other counts in the information and a case pending in Jefferson County, the agreement was, as stated by Attorney Howlett, that upon the entry of a plea to four counts in the information the state "will recommend 5 years on each count for a total of 20 years to run concurrently with any time the defendant does in the federal system pursuant to a conviction that he has in that court that was mentioned in evidence in this cause." Movant was then on parole "on federal charges" but revocation of that parole was a possibility.

The prosecutor informed the court that Mr. Howlett had correctly stated the agreement. The prosecutor then gave his own summary of the agreement which made no mention of the federal sentence. Movant informed the court that what had just been stated by Howlett and the prosecutor was the same understanding that he had and that nothing else had been promised him.

The court accepted the plea with respect to the four counts, imposed a sentence of five years on each count, and directed that the sentences run consecutively. The following then occurred:

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and, unless otherwise indi- cated, all reference to statutes are to RSMo. 1986, V.A.M.S.

THE COURT: And, those sentences to be, to run concurrent with a federal sentence or sentences which have been previously imposed and which I understand *it's anticipated* the *defendant's parole will be revoked.* Insofar as any federal sentence that he is now under.

The court orders that this twenty years run consecutive to that.

MR. HOWLETT: Concurrent to that.

THE COURT: Concurrent to that, yes, sir.

And, I anticipate, it's my understanding that the way that will work is that *if* he's revoked by the federal court he would resume serving his federal sentence and while he's serving that federal sentence he will be getting credit toward this twenty year sentence. So, that each month or each year he serves on that federal sentence, why, they'll give him credit against this thirty (sic) year sentence.

.   .   .   .   .

THE COURT: Do you anticipate the federal authorities will get him immediately?

MR. HOWLETT: We're going to try to, Judge. Yes, sir. We're going to contact the federal authorities and see if we can transfer him directly to the federal institution."

The court entered judgment and sentence on movant's plea of guilty "to the Class D felony of Second Degree Sexual Assault—Four Counts ..." In the judgment the court ordered "that [movant] having been adjudged guilty as aforesaid, be committed to the custody of the Division of Corrections for a term of imprisonment of Five years on each count to run consecutively and to run concurrently with any time [movant] serves in the Federal System...."

At the motion hearing, held June 18, 1985, the deposition of Attorney Howlett was introduced into evidence. Howlett testified, under questioning by movant himself, as follows:

"Q. Now, on the time when I pleaded guilty was it the understanding I should go straight to federal prison?

A. *No, that was your understanding.* You told me when I told you they will take eighteen years, you told me that you wanted it to run concurrent with your federal time. *The probation officer had told you that you were going to go to the federal penitentiary. That they were going to take you there and I told you specifically that I had no such information.* The probation officer was down there. You are the one that insisted—

Q. But you didn't—

A. Now, let me finish. *You are the one that insisted that you were going to go to the federal penitentiary. And then you found out after the plea was over and I have those letters too, that you were wrong.* And I negotiated the twenty years to run concurrent with the federal time based upon what you told me.

Q. I don't remember that.

A. Well, I do."

Under questioning by movant's attorney, Howlett testified:

"Q. Is there any authority that binds a federal court to a plea bargain that's made in state court?

A. That wasn't the point. The answer is no. *What he was concerned about was he didn't want to have to do the Federal time and then come back and do the State time.*

Q. Well, did you explain to him that any plea bargain that was made for concurrent time on the State with the federal time that he already faced, did you explain to him that that *was not going to be binding on the federal court?*

A. *I explained, yes, I explained the whole thing to him.* Roy insisted that he was going to go back to the federal penitentiary and Roy is the one that asked that I negotiate a deal whereby the State time would run concurrent to whatever federal time he was going to do. *Now he told me that's where he was going to go. I told him that I had no such knowledge of that. I told him there was no way that we could be sure*

*that that's what was happening. And we spent an hour on whether or not he was going to take the eighteen years flat out without it being concurrent or he was going to take the twenty.*

Under further questioning by movant the following occurred:

. . . . .

Q. You mean you let me plead guilty to something that you know maybe the federal wouldn't even accept me? Is that what you are saying? That I don't know the law and you should have told me then that they couldn't.

A. *I told you, Roy, I told you that I had no idea about what they were going to do.*

Q. In return the State will recommend five years on each count for a total of twenty years to run concurrently with *any pleas defendant has* in the federal system?

A. That's right. *That was the bargain and that's what we did.*

. . . . .

Q. Was it brought out in there that I was supposed to go to federal prison?

A. The answer is it was told to everybody and the dispositions were based upon the fact that you *might* go to the federal penitentiary. And when we did decide, when I talked to you, you told me that you were going. *I told you I didn't know if you would go or not.* And you said that you were going and I said the only thing we can do is make a deal that will relate the state time with the federal time, *if* you went to the federal penitentiary. Because there is no other way to do it and you then took twenty minutes or forty minutes to decide whether or not you wanted to do that or take that eighteen years that the state gave you. Now, Roy, that is what happened and you know it."

The trial court, in denying the portion of movant's motion which dealt with the subject matter of his second point, stated:

"Movant was made aware of the consequences of his plea by his attorney. The purpose of the plea agreement, particularly as it related to federal time, as stated by movant's attorney handling the plea, Mr. Howlett, was to eliminate the possibility of movant having to serve a federal sentence and then a consecutive state sentence. Movant was aware that such an agreement was binding on the state solely, and would be beneficial to movant only if Federal authorities pursued revocation charges before movant served his State sentence. Apparently, movant thought this likely because he rejected the opportunity to plea for eighteen (18) years without it being concurrent.

In view of the credible testimony of Mr. Howlett, this Court finds movant did have knowledge and an understanding of the consequences of his plea."

The foregoing finding is fully supported by the record and, accordingly, is not "clearly erroneous." Rule 27.26(j). Movant's second point has no merit.

■ Movant's third point is that he was entitled to relief, and the trial court erred in ruling otherwise, because movant's plea was involuntary in that at the time it was entered movant "had taken a great deal of medication, anti-depressants, within 24 hours immediately preceding the entry of the plea, which medication made [movant] unable to understand the charges, the plea proceedings, and the consequences of those proceedings."

Attorney Howlett testified that on the day the plea was entered and prior to its entry, and also on the previous day, he spoke with movant "on numerous occasions" and that "during that time movant never appeared to be under the influence of drugs or alcohol." Howlett said that movant "was able to discuss the matter of the case with me, his intentions and what he wanted me to do ... [Movant] did not appear to be confused or under the influence of drugs or alcohol. If there had been the slightest inclination that he did not know what he was doing I would have said so."

Although movant offered evidence that he was under the influence of drugs at the time the plea was entered, the trial court

saw fit to reject that testimony. The trial court also made the following findings: "This court had the opportunity to observe the demeanor of the movant during the course of the guilty pleas. This court explained the various rights which movant had to a jury trial and to representation by an attorney and explained the charges to movant. During the course of taking the movant's pleas of guilty this court noticed nothing about movant's demeanor or actions that indicated to this court that movant was under the influence of drugs or alcohol.... The court finds that its own observation of the movant during the course of this [sic] pleas of guilty and the testimony of [Attorney Howlett] were far more credible ... The court finds ... that the movant was not under the influence of drugs when he entered his pleas of guilty."

The foregoing finding is fully supported by the record and, accordingly, is not "clearly erroneous." Rule 27.26(j). See *Moore v. State*, 624 S.W.2d 520, 522[3] (Mo.App.1981). Movant's third point has no merit.

Movant's fourth point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, "because the trial court lacked jurisdiction to convict movant and impose sentence upon him, based upon his alleged violations of § 566.050 in that the legislature did not intend to make criminal under [that statute] a consensual sexual relationship between a person 17 years of age or older, such as movant, and a person 16 years of age, such as [the female victim] who is married and who is not sexually naive."

Section 566.050 reads, in pertinent part:

"1. A person commits the crime of sexual assault in the second degree if, being seventeen years old or more, he has sexual intercourse with another person to whom he is not married who is sixteen years old."

Movant argues that the legislative intent, in enacting § 566.050, was only "to protect those persons sixteen years of age who are sexually innocent and naive from the sexual advances of those who are older and more experienced." There is no merit in that argument.

Under an earlier statute it was a felony for any person over the age of 17 years to have carnal knowledge "of any unmarried female, of previously chaste character, between the age of sixteen and eighteen years of age." § 559.300 RSMo 1969, repealed and superseded in 1977, S.B. 60.

As the excellent brief of the state points out, § 566.050.1, with respect to the status of the victim, requires only that the victim be a 16-year-old person who is not married to the assailant.

Defendant is asking this court to insert language in § 566.050.1 which is plainly not there. This court has neither the power nor the inclination to do so. Movant's fourth point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.