**Lisa Hicks JONES, Movant–Respondent,**

**v.**

**STATE of Missouri, Respondent–Appellant.**

**No. 53818.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 23, 1988.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Michael L. Jackson, Jefferson City, for movant-respondent.

SIMEONE, Senior Judge.

The issue presented in this appeal by the State of Missouri is whether, in the absence of any claim of ineffectiveness of counsel, the movant-respondent was not afforded her constitutional right to counsel for the sole reason that her retained attorney was not duly "licensed" at the time of her guilty plea and sentence because the attorney failed to pay his bar dues in compliance with Rule 6.01 and was thus suspended from the practice of law.

The trial court, after an evidentiary hearing, made findings of fact and conclusions of law that "movant was not afforded the right to counsel" and ordered that the judgment and sentence entered on March 16, 1987 be set aside and the cause remanded for further proceedings. We reverse and hold that, in the absence of evidence showing ineffectiveness of counsel, the mere fact that the defense attorney is suspended from the practice of law for failure to pay bar dues in compliance with Rule 6.01 is not *per se* a denial of the defendant's constitutional right to counsel.

Movant-respondent, Lisa Hicks, was charged with the offense of unlawful use of a weapon. Section 571.030, R.S.Mo. 1986. On January 26, 1987, movant entered a guilty plea before Hon. John C. Brackman in the Circuit Court of Osage County. At the guilty plea, movant was represented by her retained attorney, George A. Dorsey. At the guilty plea, movant withdrew her former plea of not guilty and "desired" to plead guilty. The court informed her of all of her rights and the duty of the state to prove its case, the maximum range of punishment for a class D felony, questioned her concerning whether she was "satisfied" with her attorney and whether he advised her "well". The court found that her plea was "voluntary, knowing and intelligent." The court accepted her plea of guilty and ordered a presentence investigation. On March 16, 1987, the court entered judgment and sentenced movant to three years.

On April 16, 1987, movant filed her motion to vacate pursuant to Rule 27.26 alleging, *inter alia*, that she "had an unlicensed lawyer who is not in good standing with Mo. Bar Association" at the time of her preliminary hearing, guilty plea and sentence. Her attorney, on the motion to vacate, filed an amended motion alleging that her "plea was not entered with benefit of counsel, in that my retained attorney was not a member in good standing of the Missouri Bar during the course of my proceedings."

On August 4, 1987, a hearing was held on the motion. At the hearing, the administrative secretary of the Supreme Court testified that Mr. Dorsey had been admit-

ted to the Missouri Bar in 1973, that he had not paid his bar dues since 1984, that he was advised by notice that he "had not paid his fees," and that at the time of movant's guilty plea, March 16, 1987, he was "suspended" and "not licensed to practice law in the state of Missouri." Mr. Dorsey also testified at the hearing. He stated that he had met with movant after she was charged and discussed the circumstances with her, that he interviewed witnesses, that he did not know his "license was suspended" prior to the date of the hearing on the motion, and that he believed that it was in his "client's best interest" for her to plead guilty and to have the court make the decision on sentencing without a recommendation. Movant did not testify at the hearing.

On August 20, 1987, the trial court made its findings of fact and conclusions of law. The court found that movant was represented by Mr. Dorsey throughout the course of the proceedings, that he had been suspended for nonpayment of bar dues for "1984 and subsequent years and remained suspended throughout the course of the proceedings," that "at no time did movant" waive her right to counsel. The court also held that "evidence regarding alleged ineffective assistance of counsel was not reached by the court." [1] The court, therefore, concluded that (1) "movant was guaranteed a right to counsel under the Sixth Amendment of the United States Constitution and under Article I, Section XVII of the Constitution of the State of Missouri,"; (2) the word "counsel" as used in the Constitutions means a "duly licensed attorney"; and (3) that she was not afforded the right to counsel. The court found that movant is entitled to relief under the provisions of Rule 27.26 "for the reason that Movant was not afforded the right to counsel" and set aside the judgment of conviction and sentence and remanded the cause for further proceedings.

The State appealed. On appeal the State contends that the trial court's judgment is clearly erroneous because (1) her guilty plea was knowingly, voluntarily and intelligently made and whether her attorney paid his bar dues is irrelevant; and (2) the goal of "license suspension" is an enforcement mechanism to persuade attorneys to pay bar dues and not to "protect society or movant." On the other hand, movant contends that the trial court did not err because she was denied her right to counsel at all critical stages of the criminal proceeding, that the right to counsel means a "duly licensed lawyer, and not a mere attorney in fact or layman," and that movant did not waive her right to counsel nor did the state carry its burden of showing waiver.

The issue presented is one of first impression in this state, although it is not new or novel in others.

It is fundamental, that under the landmark decision of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and its progeny, the Sixth Amendment, as applied to the States under the Fourteenth Amendment, guarantees that, in a prosecution for a criminal offense, a defendant is constitutionally entitled to the assistance of counsel at all critical stages of the proceedings. See 21A Am.Jur.2d, *Criminal Law*, § 739 at 170 (1981). Even before *Gideon, supra*, Missouri recognized this right of assistance of counsel under Art. I, § 18(a) of the Missouri Constitution. See *Kelly v. Andrew County*, 43 Mo. 338 (1869). This guaranteed right is one of the cornerstones of American jurisprudence and is universally recognized. *Ex parte, Stone*, 255 S.W.2d 155, 156–57 (Mo.App. 1953); *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657 (1984). It is also fundamental that the right to counsel is the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). To be ineffective, it must be shown that counsel's conduct so undermined the proper functioning of the adversarial process and that counsel's deficiencies prejudiced the defense. The defendant must make both

---

1. At the hearing, no evidence of ineffectiveness other than the bar dues issue was presented. All other issues of ineffectiveness were therefore waived. *Hemphill v. State*, 566 S.W.2d 200, 204–205 (Mo. banc 1978); *Slankard v. State*, 525 S.W.2d 101, 102 (Mo.App.1975).

showings. "A movant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffectiveness of counsel claim." *Sanders, supra,* 738 S.W. 2d at 857 (emphasis in original). The two-part test in *Strickland, supra,* applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

The trial court in this case did not reach the question of "ineffective assistance of counsel" but concluded, upon the authority of *Higgins v. Parker,* 354 Mo. 888, 191 S.W.2d 668 (1946), *cert. den.,* 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026 (1946), that the word "counsel" as used in the Federal and Missouri Constitutions means a "duly licensed attorney" and since movant's attorney was not a duly licensed attorney, movant was not afforded her constitutional right to counsel.

In *Higgins v. Parker, supra,* defendant had been convicted of robbery. He sought *habeas corpus* on the ground that one of his two counsel was a layman and had not been admitted to the bar of this or any other state. It was admitted that one of his two defense counsel "was masquerading as a lawyer on a forged certificate." The other defense counsel was a "duly licensed attorney." Our Supreme Court held that, under the circumstances, the defendant was not entitled to *habeas* relief. But in the course of the opinion the court stated:

> It may be freely granted, ... that the word 'counsel' appearing in [the state and federal constitutions], all of which guarantee the accused in a criminal case the right to the assistance of counsel means a duly licensed lawyer, and not a mere attorney in fact or layman. But the question here is whether the criminal prosecution ... is now subject to attack ... merely because one of the two counsel ... was not a licensed lawyer, although the other one was.

*Higgins, supra,* 191 S.W.2d at 670.

The constitutional right to counsel as embodied in the United States and Missouri Constitutions, the decisions rendered thereunder and the broad language of *Higgins* do not control this case nor are they dispositive of the issue here.

Supreme Court Rule 6.01, which deals with the "annual enrollment fee" provides:

(a) Each person licensed to practice law in this state shall pay, on or before January 31st of each year, an enrollment fee.... A penalty of $2.00 per month shall be paid for each month or fraction thereof during which a member is delinquent in payment of fees; ...

\*　　\*　　\*　　\*　　\*　　\*

(d) No lawyer shall be permitted to practice law or undertake or attempt to do law business after the time when such enrollment fee is due unless he has paid the same, and in default thereof he shall be automatically suspended. Any lawyer thus suspended for such nonpayment shall be reinstated as a matter of course upon paying the enrollment fee prescribed for each calendar year of his suspension plus the accumulated penalty; provided, however, that if any lawyer remains delinquent for three consecutive years in the payment of any annual enrollment fee, he shall be required to apply to this court for reinstatement as a member in good standing.

See *In Re Murphy,* 732 S.W.2d 895, 900 (Mo. banc 1987).

Other states have similar rules. In all of the other jurisdictions which have similar rules, the decisions unanimously hold that a convicted defendant is not denied his right to counsel guaranteed by the Constitution merely because an attorney has been suspended from the practice of law for failure to pay bar dues. *White v. State,* 464 So.2d 185, 186 (Fla.App.1985); *Johnson v. State,* 225 Kan. 458, 590 P.2d 1082 (1979) (no denial of constitutional right where appointed counsel suspended for nonpayment); *People v. Brewer,* 88 Mich.App. 756, 279 N.W.2d 307 (1979) (declines to adopt *per se* rule that right to counsel is violated because attorney suspended for failure to pay dues); *Commonwealth v. Thomas,* 399 Mass. 165, 503 N.E.2d 456 (1987); *Hill v. State,* 393 S.W.2d 901 (Tex.Crim.App.1965) overruling *Martinez v. State,* 167 Tex.Cr. R. 97, 318 S.W.2d 66 (1958) (no denial of right to counsel where attorney failed to pay dues); *cf., McKinzie v. Ellis,* 287 F.2d

549 (5th Cir.1961) following *Martinez, supra,* and overruled in *Beto v. Barfield,* 391 F.2d 275 (5th Cir.1968); *annot.,* 68 A.L. R.2d 1141 (1959) and Supp.

In all of these decisions, the courts have not adopted a *per se* rule to set aside a conviction because an attorney has failed to pay his annual bar dues. We believe these decisions are sound. Movant does not appeal on any ground that her counsel was ineffective at or prior to the plea hearing. The plea hearing shows that her plea was knowingly, voluntarily and intelligently made. *Hill v. Lockhart, supra,* 106 S.Ct. at 369; *State v. Cody,* 525 S.W.2d 333 (Mo.1975); *Chamberlain v. State,* 721 S.W. 2d 139 (Mo.App.1986).

Supreme Court Rule 6.01 states that for the nonpayment of the annual enrollment fee, an attorney is *suspended* and is automatically reinstated as a matter of course upon paying the enrollment fee plus the accumulated penalties. Even in this case where Mr. Dorsey had not paid his annual fee for more than a period of three years, at the time of the plea hearing, he was merely suspended and there is no indication that the Court would not have reinstated him upon payment of the delinquent fees, plus penalties.

In such circumstances, the movant was not denied her constitutional right to counsel. There is a vast difference between an attorney who has never been "licensed" to practice law, as in *Higgins v. Parker, supra,* and an attorney who graduates from an accredited law school, passes the bar examination, and is "licensed" to practice but, because of failure to pay an annual enrollment fee, is suspended on that ground alone.

We cannot adopt as a *per se* rule that Mr. Dorsey was, because he failed to pay his bar dues, unable to represent movant effectively at all critical stages of the criminal proceeding during the period of his "suspension." Although the payment of the annual enrollment fee is a prerequisite to the practice of law, the payment of the annual fee has really nothing to do with the legal ability of the attorney.

Just as the payment of the fee does not guarantee that an attorney will practice law in a competent manner, the nonpayment of the fee does not necessarily imply that the nonpaying attorney will perform in an incompetent manner. In each instance, we must examine the actual representation afforded the accused person.

*Johnson v. State, supra,* 590 P.2d at 1087.

A contrary holding would produce many untoward, confusing results in untold criminal and civil cases and confound the validity of the "actions" of an attorney when acting in other legal capacities.

We therefore conclude that the order of the trial court setting aside the movant's judgment and sentence is clearly erroneous and reverse the judgment. Rule 27.26(j).

The judgment is reversed with directions to reinstate the movant's conviction and sentence.

SATZ, C.J. and CARL R. GAERTNER, J., concur.