**Keith SCOTT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54263.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Senior Judge.

This is an appeal from a judgment and order of the circuit court of St. Louis County entered on December 7, 1987 denying movant-appellant, Keith Scott's motion to vacate judgment pursuant to Rule 27.26. We affirm.

In 1982, movant-appellant was indicted in St. Louis County for capital murder or in the alternative murder first degree, both class A felonies. Sections 565.001, 565.003, R.S.Mo.1978 (now repealed). He was charged with acting with another in the robbery and killing of a woman in St. Louis County on September 8, 1982. Movant's co-defendant pleaded guilty. Movant went to trial on the capital murder count and was convicted. He was sentenced to fifty years without probation or parole. On appeal this court reversed the conviction for instructional error. *State v. Scott*, 689 S.W.2d 758 (Mo.App.1985). After remand to the circuit court, movant pleaded guilty to murder first degree in the perpetration of a robbery before the same judge who presided at his original trial. The guilty plea was taken on October 1, 1985. At this time movant was represented by different counsel than the one who represented him on the trial for capital murder. At the guilty plea hearing the state was represented by the same counsel who tried the capital murder case. At the guilty plea, counsel for the state informed the court that it would proceed on count II, the first degree murder charge, and upon a "successful conclusion of the plea," the state would *nolle pros* the capital murder charge. Movant's counsel moved to withdraw the plea of not guilty and stated that movant "authorized me ... to enter a plea of guilty." The court questioned movant concerning his desire to enter a plea of guilty to count II, questioned him as to the former trial, questioned him as to his videotaped confession, and as to the fact that movant "did not shoot the lady" but "shared in the loot." The court extensively questioned movant as to whether any promises had been made concerning parole, and other matters. When asked whether movant was "mainly entering this plea of guilty rather than take a chance of another conviction of capital murder, which gives you fifty years without parole," movant answered "Yes." After interrogation, and after the court found a "factual basis for the plea," the court accepted the plea of guilty on count II and he was sentenced to life imprisonment. Count I, capital murder, was *nolle prossed.*

On October 22, 1986, movant filed a motion to vacate alleging ineffective assistance of counsel and certain other matters. Later, his counsel filed an amended motion to vacate, incorporating by reference the allegations contained in the original motion and alleging ineffective assistance of counsel because (1) movant did not see counsel often enough for the attorney to be prepared, (2) he did not "achieve a clear understanding of the charges" and the "possible

range of punishment," (3) counsel failed to interview his co-defendant who shot the victim, and (4) counsel incorrectly advised the movant that he would be eligible for parole after serving only eight years on a life sentence.

On November 12, 1987, an evidentiary hearing was held at which movant and counsel who represented him at the guilty plea testified. On December 7, 1987, the trial court entered its findings of fact, conclusions of law and order denying the motion. The court found that the guilty plea proceedings refuted movant's claims, and noted that "the fear of a larger sentence from being tried is not sufficient to invalidate a plea of guilty." *Phelps v. State*, 683 S.W.2d 665, 668 (Mo.App.1985). The court found that movant knew the evidence against him, knew the range of punishment, the consequences of a retrial, and found that counsel was sufficiently prepared. Finally, the court noted that movant presented nothing to show how "further investigations" to obtain testimony of the co-defendant would have aided him, and thus failed to show how this affected the voluntariness of his plea.

On appeal, movant contends that the trial court erred in denying the motion to vacate because (1) his plea was not voluntarily entered due to "ineffective assistance of counsel" in failing to investigate or contact the co-defendant who "could have testified that he lacked the requisite culpable mental state," and (2) the record shows that his guilty plea was not voluntary because (a) it was entered without understanding of the nature of the charge and as a result of ineffective counsel and (b) the plea proceedings did not show a factual basis for the plea or an understanding of and admission of the charge.

■ After reviewing the whole record we hold that the order of the trial court should be affirmed. The principles applicable to this proceeding have often been stated. The purpose of Rule 27.26 is to correct constitutional and other serious errors which violate fundamental fairness; the Rule is not used as a substitute for a direct appeal, or as a substitute for a second appeal. *Reeves v. State*, 726 S.W.2d 366, 367 (Mo.App.1987). The trial court in a 27.26 proceeding is not required to believe the testimony of movant; matters of credibility are for the motion court to determine. *Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987). Appellate review is limited to determining whether the findings, conclusions and order of the court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The findings are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Armour, supra*, 741 S.W.2d at 688. Furthermore, when a plea of guilty is made, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984).

■ The first of movant's contentions relate to alleged ineffectiveness of counsel. To prevail on such a claim, movant must show that counsel's conduct undermined the proper functioning of the adversarial process and counsel's deficiencies prejudiced him. It is incumbent upon movant to make both showings. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Jones v. State*, 747 S.W.2d 651, 653 (Mo.App. 1988); *Armour, supra*, 741 S.W.2d at 688. The *Strickland* test applies to cases involving guilty pleas. *Armour, supra*, 741 S.W.2d at 688; *Jones, supra*, 747 S.W.2d at 654.

■ Movant claims that if counsel at his guilty plea had contacted, interviewed and called the co-defendant who shot the victim, he could have substantiated his claim that he lacked the culpable mental state for first degree murder. But failure to interview or call a co-defendant does not automatically show ineffectiveness of counsel in the absence of showing prejudice. *Cf., Grant v. State*, 734 S.W.2d 298 (Mo. App.1987); *Foster v. State*, 748 S.W.2d 903, 909 (Mo.App.1988); *Stanley v. State*, 629 S.W.2d 403, 404 (Mo.App.1981). A plea is not involuntary because the accused might be sentenced for a longer time had he gone to trial. *Phelps v. State, supra*, 683 S.W.

2d at 668. Here there was a videotaped confession made by movant; the plea was taken before the judge who heard the first trial; the record shows that movant pleaded guilty in order to avoid the chance of another conviction of capital murder which "gives you fifty years without parole." The co-defendant did not testify at the Rule 27.26 evidentiary hearing. Movant does not indicate what the testimony would have been. *Cf., Foster, supra,* 748 S.W.2d at 909.

Under all these circumstances, we cannot conclude that counsel was ineffective, or that the judgment of the trial court was clearly erroneous.

■ As to movant's second point that his plea was not voluntarily made, the plea proceedings show that there was a factual basis for the plea and that it was voluntarily made with an understanding of the nature of the charge and not as a result of alleged ineffective counsel. The trial court at the guilty plea hearing questioned movant concerning the case and whether movant understood the charge, the nature of the evidence, the range of punishment, whether any promises were made concerning parole, and other matters. There was a factual basis for the plea. Rule 24.02(e). Movant admitted that during the robbery he "got the ring" and other items although he did not "shoot the lady." The court found that movant had been informed by counsel of the options and that he had been advised. The record shows that movant was aware of the evidence against him. The record refutes appellant's claim that he did not comprehend his liability for murder based upon the underlying felony of robbery under the statute then in effect.

We cannot find that the trial court's findings of fact, conclusions of law and order are clearly erroneous. The order denying movant's motion is therefore affirmed.

Judgment affirmed.

DOWD, P.J., and SIMON, J., concur.