Danny B. STOTT, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55159.

Missouri Court of Appeals, Eastern District. Division One.

May 9, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 21, 1989.

D. Terrell Dempsey, Public Defender, Hannibal, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pled guilty to rape, § 566.030.3, RSMo 1986, and sodomy, § 566.060.3, RSMo 1986.[1] The state nolle prossed two counts of first degree sexual abuse, § 566.100, RSMo 1986, involving these victims and agreed not to file any other charges against movant for past sexual crimes with them. The court accepted movant's pleas and sentenced him to consecutive terms of eight years on each charge.

Movant filed a Rule 27.26 motion which was amended by appointed counsel. . His primary complaint was that his trial counsel, an Iowa attorney, was not a member of the Missouri Bar and had not followed the Missouri Supreme Court Rules for appearing in his behalf.

The court held an evidentiary hearing at which movant testified. The court took judicial notice of the entire court records in the case; received in evidence an affidavit by movant's trial counsel, James P. Hoffman; heard testimony from Judge Webber, who presided over movant's plea proceeding; and heard testimony from the prosecuting attorney and the man who had served as local counsel in the case. Judge Webber's testimony was essential because an improperly wound stenomask tape prevented transcription of the plea proceeding.

The evidence showed movant's trial counsel did not file a Rule 9.03 statement and local counsel did not formally enter his appearance. The motion court entered detailed findings of fact and conclusions of law denying the motion.

■ On appeal, movant's principal contention is that "[a]s a matter of law, [he]

---

**1.** It is unclear whether the victims, two minor    girls, were movant's daughters or stepdaughters.

was not represented by counsel during hearings, plea and sentencing" because trial counsel did not comply with Rule 9.03.

The text of Rule 9.03 follows:

Any attorney, whether or not a member of The Missouri Bar, not authorized to practice under Rule 9.02, but who is a member in good standing of the bar of any court of record and not under suspension or disbarment by the highest court of any state, may be permitted to appear and participate in a particular case in any court of this state under the following conditions: The visiting attorney shall file with his initial pleading a statement identifying every court of which he is a member of the bar and certifying that neither he nor any member of his firm is under suspension or disbarment by any such court. The statement shall also designate some member of The Missouri Bar having an office within the State of Missouri as associate counsel. Such designated attorney shall enter his appearance as an attorney of record. The visiting attorney shall by his appearance agree to comply with the Code of Professional Responsibility as set forth in Rule 4 and become subject to discipline by the Courts of this state.

(Repealed.) [2]

Movant would have us adopt a per se rule setting aside all convictions where the attorney representing the defendant is not a member of The Missouri Bar and fails to comply with Rule 9.03. As in *Jones v. State*, 747 S.W.2d 651 (Mo.App.1988), a case involving a Missouri attorney who had not paid his bar dues, we decline to do so. Judge Simeone speaking for our court in *Jones* said, "There is a vast difference between an attorney who has never been "licensed" to practice law ... and an attorney who graduates from an accredited law

school, passes the bar examination, and is "licensed" to practice but, because of failure to pay an annual enrollment fee, is suspended on that ground alone." *Jones*, 747 S.W.2d at 655. Similar considerations apply here.[3]

We believe mere noncompliance with the filing and formal entry of appearance of local counsel requirements of Rule 9.03 does not constitute constitutional error. Constitutional error is error which substantially deprives one of the right to a fair hearing. *Atkins v. State*, 741 S.W.2d 729, 731 (Mo.App.1987).

■ Movant did not disagree with the facts of the crimes as related by the prosecuting attorney. The only possible constitutional error by counsel is that he rendered ineffective assistance affecting the voluntariness of movant's pleas. *See Armour v. State*, 741 S.W.2d 683, 688 (Mo.App. 1987). Movant does not appeal the motion court's conclusion that trial counsel rendered effective assistance of counsel.

The evidence reveals that movant, a Missouri resident, went to counsel's office in the State of Iowa and employed him; movant testified, "[H]e's a criminal lawyer. So we went over to Keokuk to his office and asked him whether he would take my case." Movant met with counsel "fifteen— twenty" times and all but two were at his office in Keokuk, Iowa; the two times were for depositions at the prosecuting attorney's office in Missouri.

Counsel had been licensed to practice in the State of Iowa since 1967. He was also licensed to practice in the federal courts of Iowa and Missouri, the Eighth Circuit U.S. Court of Appeals, the U.S. Tax Court and the U.S. Supreme Court. Counsel had appeared in Judge Webber's court in several previous cases and Judge Webber testified, "Mr. Hoffman is extremely capable as a

---

**2.** The new rule, effective January 1, 1989, is the same except that the words "Code of Professional Responsibility" have been replaced with "Rules of Professional Conduct."

**3.** We are aware of the case cited to us by movant, *State ex rel. Mather v. Carnes*, 551 S.W.2d 272 (Mo.App.1977), wherein the western district held that the failure by counsel to comply with

Rule 9.03 rendered his actions as an attorney on behalf of his client a nullity, *id.* at 288, but find it inapplicable. In *Carnes* a litigant was challenging a motion to quash filed by counsel for an adverse party. Here, movant is challenging the validity of the actions of his own chosen counsel.

criminal and civil lawyer." Judge Webber was aware counsel had retained local counsel despite the absence of an entry of appearance.

Judge Webber also testified as to his extensive interrogation of movant under oath, and to his determination that movant's pleas were voluntarily, understandingly and intelligently made and that factual bases existed for accepting the pleas of guilty.

In denying the motion, the motion court reviewed the testimony and concluded that "[m]ovant's disappointment in not receiving the sentence he had hoped for cannot be justification for his requested relief" and that he did not suffer from ineffective assistance of counsel. We agree with the motion court that the Iowa attorney's representation of movant did not deprive him of a fair hearing.

■ Movant's further contention that the motion court's findings and conclusions are clearly erroneous "because no transcript of the guilty plea was kept, as required by Missouri Supreme Court Rule 24.03" is without merit. The transcript was unavailable because of a defective stenomask tape used by the court reporter. Here, as in *Careaga v. State*, 613 S.W.2d 863, 867 (Mo.App.1981), the testimony at the evidentiary hearing by the plea hearing judge, the prosecutor and movant regarding the plea proceeding provided ample evidence that movant's pleas were made knowingly, intelligently and voluntarily.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.