**Robert Nelson WRIGHT, Petitioner–Appellant,**

v.

**STATE of Missouri ex rel. Arlee S. PATCHIN, Respondent–Respondent.**

**No. 22707.**

Missouri Court of Appeals, Southern District, Division Two.

June 29, 1999.

Roy E. Williams, Henry, Henry, Henry, Engelbrecht & Williams, P.C., West Plains, for appellant.

James M. McCoy, Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

This case requires us to decide whether the trial court committed reversible error when it found that Appellant's initial pleadings filed in circuit court were a "nullity." The "nullity" ruling came about because the pleadings were filed by a nonresident lawyer without complying with Missouri's rules on "Practice by Nonresident Attorneys." We find no error. We affirm.

An administrative hearing officer for Missouri's Division of Child Support Enforcement (Agency) issued her "Decision" dated May 31, 1996, that Appellant owed $21,500 in past-due child support. On June 27, 1996, a lawyer who resided in Texas and was licensed there but not in Missouri, filed a petition on behalf of Appellant in the circuit court of Texas County, Missouri. This petition sought judicial review of the Agency's decision. Appellant's Texas lawyer also filed a Motion to Stay Execution on the child support order. These pleadings were filed without compli-

---

1. All statutory references are to RSMo 1994.

ance with Supreme Court Rule 9.03,[1] which governs practice in this state by nonresident attorneys.

On August 1, 1996, sixty-one days after the Agency decision was rendered, attorney Roy E. Williams, Jr., a member of The Missouri Bar, entered his appearance in the case. Later, on September 3, 1996, Attorney Williams filed an amended petition for judicial review.

In June 1997, the Agency moved for an order dismissing Appellant's case. The Agency cited *State ex rel. Mather v. Carnes*, 551 S.W.2d 272, 288 (Mo.App. 1977), for the proposition that since no attorney licensed in Missouri appeared with the Texas lawyer when he initially filed pleadings for Appellant, Rule 9.03 "suffices *without more* to nullify" those pleadings. Consequently, the Agency argued, Appellant's case was subject to dismissal since the initial petition was a nullity and the amended one was "out of time under both Sections 454.475.5 and 536.110.1 RSMo (1994)." The Agency asserted that the cited statutes "require a petition for judicial review of an agency decision to be filed in circuit court within 30 days 'after the mailing or delivery of the notice of the agency's final decision.'" Continuing, the Agency took the position that the statutory time limits for seeking judicial review were jurisdictional, meaning the only action the trial court could take was to dismiss Appellant's petition.

The trial court, in apparent agreement with the Agency's position, found "the original filing in this case to be a nullity and that this Court lacks subject matter jurisdiction to proceed." Based on these findings, the court sustained the Agency's motion to dismiss Appellant's Petition for Judicial Review. This appeal followed.

Appellant's first point maintains that the trial court "acted contrary to law and abused its discretion" when it relied upon Rule 9.03 and the *Carnes* case as authority for dismissal. Appellant insists that two post-conviction motion cases, *Jones v. State*, 747 S.W.2d 651 (Mo.App.1988), and *Stott v. State*, 771 S.W.2d 841 (Mo.App. 1989), and the "public policy underlying" these cases, mandate a finding that the trial court erred in dismissing Appellant's case.

Rule 9 deals with practice in Missouri courts by nonresident attorneys. Rule 9.01 prohibits nonresident attorneys from practicing law or doing business in Missouri "except as provided in Rules 9.02, 9.03 and 9.04."[2] Rule 9.03 contains the only exception relevant here:

"Any attorney, whether or not a member of The Missouri Bar, ... who is a member in good standing of the bar of any court of record ... may be permitted to appear and participate in a particular case in any court of this state under the following conditions: The visiting attorney shall file with his initial pleading a statement identifying every court of which he is a member of the bar and certifying that neither he nor any member of his firm is under suspension or disbarment by any such court. The statement shall also designate some member of The Missouri Bar having an office within the State of Missouri as associate counsel. Such designated attorney shall enter his appearance as an attorney of record."

Rule 9 sheds no light on the effect of noncompliance with its terms. What is the penalty when a nonresident lawyer fails to comply with the filing and formal appearance of local counsel requirements of Rule 9.03, especially when, as here, an opposing party challenges the pleadings filed by the noncomplying litigant?

1. All rule references are to Supreme Court Rules (1996), unless otherwise indicated.

2. Appellant's Texas lawyer was not a member of The Missouri Bar; consequently, Rule 9.02 is not implicated. Likewise, Rule 9.04 is not implicated. It merely authorizes judge advocates to represent indigent military personnel and their dependents in Missouri courts.

The *Carnes* case, relied upon by the trial court, answers the question. It holds that failure by a nonresident lawyer to comply with Rule 9.03 renders his actions a nullity as an attorney on behalf of his client.

"We conclude ... that the Motion to Quash submitted on behalf of the defendant in the litigation by an attorney not a member of the Missouri bar and unaccompanied by the appearance of a local counsel violates Rule 9.03 and suffices, without more, to nullify the Motion to Quash Service. 7 C.J.S. Attorney and Client § 16b; *McKenzie v. Burris*, 255 Ark., 330, 500 S.W.2d 357, 359[1](1973); *Niklaus v. Abel Construction Company*, 164 Neb. 842, 83 N.W.2d 904, 911[11–12] (1957). That the question of professional qualification to act as counsel for a party to the litigation was not raised by the plaintiff until his appeal and brief does not diminish the power of a court to act, even on judicial notice alone, on a matter so vital to the public protection. *Curry v. Dahlberg*, 341 Mo. 897, 110 S.W.2d 742, 746[1–3] (banc 1937)."

551 S.W.2d at 288[38] (citations omitted).

The cases cited by Appellant, *Jones*, 747 S.W.2d 651, and *Stott*, 771 S.W.2d 841, are situations in which defendants in criminal cases had earlier hired, as their defense lawyers, persons unlicensed in Missouri. Later, in post-conviction proceedings, the movants challenged their convictions on the theory they were deprived of their constitutional right to effective assistance because they chose lawyers unlicensed in Missouri. They asserted that because they were represented by unlicensed lawyers or nonresident lawyers who did not comply with Rule 9.03, they were, as a matter of law, denied their right to counsel guaranteed by the Constitution. However, the *Jones* and *Stott* courts rejected these arguments and specifically refused to adopt a per se rule setting aside a criminal conviction solely because defense counsel was unlicensed or failed to comply with Rule 9.03. They reasoned that neither payment of annual enrollment fees, nor compliance with Rule 9.03, had anything to do with the legal ability of the lawyer to provide effective assistance of counsel. *Jones*, 747 S.W.2d at 655; *Stott*, 771 S.W.2d at 843.

*Jones* and *Stott* involve constitutional issues raised by persons convicted of crimes about the effectiveness of lawyers they chose themselves, whereas *Carnes* prescribes the penalty that attends when a nonresident lawyer files pleadings in a civil case without complying with Rule 9.03 and the opposing party challenges the pleadings filed by the noncompliant litigant. The post-conviction cases are both factually and legally distinguishable from *Carnes* and from this case; consequently, they do not support Appellant's claim of trial court error. We find no error in the trial court's adherence to the *Carnes* case. Point I is denied.

■ We reproduce Appellant's second point relied on verbatim:

"THE CIRCUIT COURT ERRED, ACTED CONTRARY TO LAW AND ABUSED ITS DISCRETION IN FAILING TO DISMISS THE UNDERLYING AGENCY ORDER FOR LACK OF SUBJECT MATTER JURISDICTION, WHERE THE AGENCY FAILED TO PROPERLY CERTIFY THE FOREIGN JUDGMENT AS REQUIRED BY LAW."

Section 454.476.1 is Appellant's only authority for this argument. It provides, *inter alia:*

"1. If a court order has previously been entered, the director may enter an administrative order in accordance with the court order, upon receiving from the obligee, a child support enforcement agency of another state, or the court:

"(1) A certified copy of the court order together with all modifications thereto."

Appellant is correct when he says that his Arizona dissolution decree and modification order, put in evidence by the Agency, were not certified as required by § 454.476.1(1). However, the record also shows that Appellant participated in the Agency's telephone hearing of this case. The questioned documents were part of

"Agency Exhibit A" which was received in evidence immediately after all witnesses, including Appellant, were sworn. The circumstances of its admission follow:

"[HEARING OFFICER] Let the record reflect that … [b]efore we entered onto the hearing record, stipulated by [Appellant], that Agency Exhibit A consisting of the Hearing Packet in it's [sic] entirety may be admitted into evidence at this time. The stipulation goes only to admissibility of the documents, it does not constitute an admission on his part that the facts, figures, and calculations contained in the documents are correct, and is made subject to his right to put on contradicting testimony."

Appellant never suggested that the hearing officer's account of the stipulation was incorrect nor did he object to the admission of Agency Exhibit A. Under those circumstances, Appellant cannot on this appeal raise any question about the lack of certification. *Div. of Family Services v. Skinner*, 786 S.W.2d 148, 149 n. 1 (Mo. App.1990). Point II is denied.

The judgment is affirmed.[3]

GARRISON, C.J., BARNEY, J., concur.

---

3. At oral argument, Appellant abandoned and withdrew a third point.