James **HENSEL** and Lori
Hensel, Appellants,

v.

**AMERICAN AIR NETWORK,
INC., et al., Respondents.**

No. SC 87206.

Supreme Court of Missouri,
En Banc.

April 25, 2006.

Richard L. Rollins, Jr., Camdenton, Mo, Liz J. Shepherd, Louisville, Ky, for Appellants.

Caroline M. Tinsley, Vincent H. Venker, II, St. Louis, Patrick J. Kaine, Robert W. Cotter, John W. Cowden, Kansas City, Mo, for Respondents.

**PER CURIAM.**[1]

If an attorney not authorized to practice law in Missouri is the only person to sign a petition before the statute of limitations expires, do the plaintiffs forfeit their right of action? The trial court answered "Yes" and granted summary judgment to the

---

**1.** This Court transferred this case after a decision by the Court of Appeals, Eastern District, pursuant to Rule 84.16. This Court has jurisdiction. *Mo. Const. article V, section 10.*

defendants. Under the facts of this case, the correct answer is "No." The judgment is reversed, and the case is remanded.

## Facts

James Hensel, a Florida resident, co-piloted an airplane that crashed in Kentucky on August 30, 2002. He and his wife, Lori Hensel, decided to sue those they claim were liable for their injuries. September 2, 2003, was the last day to file under Kentucky's one-year statute of limitations. Liz J. Shepherd, their Kentucky attorney, signed a petition against various defendants, including those in Missouri. Shepherd was not a Missouri attorney. The petition contained no other signature. She transmitted the petition to Spencer E. Farris, a Missouri attorney. He presented the petition to a Missouri court for filing on September 2, 2003, and sought Shepherd's admission under Rule 9.03. The motion for admission lacked a certificate; therefore the motion was overruled. On October 27, 2003, Farris entered his appearance for the Hensels. He also filed a completed motion under Rule 9.03 to permit Shepherd to litigate this case. That motion was granted November 4, 2003. On July 9 and 19, 2004, defendants filed motions for summary judgment noting the lack of a valid signature. On August 30, 2004, Shepherd filed a motion to permit interlineation of the petition to show the signature of both her and Farris.

The defendants filed motions for summary judgment on the basis that Shepherd was not authorized to practice law in Missouri, the petition, therefore, was a nullity, and the suit was barred by the applicable statute of limitations. The trial court entered judgment for the defendants.

## Does Rule 55.03 Require a Signature at the Time of Filing?

■ This Court has recently reaffirmed that the lack of a signature is not necessarily fatal to the filing of a petition. *Carter v. State*, 181 S.W.3d 78, 79–80 (Mo. banc 2006). A different rule should not apply to a petition not properly signed. This is consistent with the purposes set out in Rule 55.03—to ensure that:

(1) the claim, defense, request, demand, objection, contention, or argument is not presented or maintained for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. *Rule 55.03(b)*. The signature requirement is not intended to deprive litigants of a right of action.

■ Because Shepherd was not admitted to practice under Rule 9.03 at the time she purported to sign the petition, the signature was, in essence, a nullity—the petition was unsigned. The issue then becomes whether the omission was corrected promptly after being called to the attention of the attorney or party filing same. *Rule 55.03(a)*.

In this case, Hensels' attorneys sought to correct the lack of a proper signature within two months of recognizing the problem. Within two months of the filing of

defendants' motions for summary judgment noting the lack of a proper signature, further attempts to correct the lack of a proper signature were taken, although not permitted by the trial court.

Under these facts, the parties attempted to correct the omission promptly. That is all the rule requires when the court prevents the correction.

### Was the Petition a Nullity as a Sanction for the Unauthorized Practice of Law?

The defendants assert, and the trial court agreed, that because the petition filed in this case was not signed by an attorney authorized to practice law in Missouri, it should be treated as a nullity.[2] Because it was a nullity, they argue, the statute of limitations barred this suit. This result is consistent with two court of appeals decisions: *Wright v. State ex rel. Patchin*, 994 S.W.2d 100, 102 (Mo.App. 1999), and *State ex rel. Mather v. Carnes*, 551 S.W.2d 272, 288 (Mo.App.1977)(lawyer not authorized to practice law filing petition, without more, suffices to nullify the pleadings); *but see Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234, 239 (Mo.App.2000)(representational activities included preparing and filing application for review as well as appearing on person's behalf at hearing).

In this case, the filing was not a nullity. The purpose of declaring certain acts by those not authorized to practice law a nullity is to protect the public. That purpose is not served under the facts of this case. The accident occurred in Kentucky. The petition was prepared in Kentucky by a Kentucky attorney. The defendants contend Kentucky's statute of limitations is applicable. The petition was presented for filing by a Missouri attorney. Timely actions were taken to assure proper representation.

Where in a particular case involving an individual the only issue of unauthorized practice is the signature on the petition required by Rule 55.03, the sanction of depriving the litigant of a cause of action is disproportionate to the harm.[3] Where a petition is not signed or signed by an improper person, Rule 55.03 provides the sanction—the petition shall be stricken unless the omission is corrected promptly after being called to the attention of the attorney or party filing same. If the attorney is not authorized to sign the petition, the party should be notified. This will assure that the party obtains proper representation without the severe sanction of forfeiting a cause of action.

To the extent they are to the contrary, *Wright v. State ex rel. Patchin*, 994 S.W.2d 100 (Mo.App.1999), and *State ex rel. Mather v. Carnes*, 551 S.W.2d 272 (Mo.App. 1977), are overruled.

Under the facts of this case, the trial court incorrectly granted judgment to the defendants. That judgment is reversed, and the case is remanded.

All Concur.

---

**2.** Farris initialed the petition when the motion under Rule 9.03 was overruled. This opinion does not address whether initials are sufficient to constitute a signature. *See Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo. App.1996). If the initials constituted a signature, the petition was signed by a Missouri attorney, who was responsible for its content, and no unauthorized practice of law occurred.

**3.** The rule is different with respect to filings on behalf of a corporation. *Reed v. Labor and Indus. Relations Com'n*, 789 S.W.2d 19, 23 (Mo. banc 1990)("It is axiomatic that a corporation must act through an attorney in all legal matters").