**MOORE EQUIPMENT COMPANY, Appellant,**

v.

**CALLEN CONSTRUCTION CO., INC., Respondent.**

**No. WD 70011.**

Missouri Court of Appeals,
Western District.

Oct. 27, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 2009.

Application for Transfer Denied
Jan. 26, 2010.

Michael P. Healy, Kansas City, MO, for Appellant.

Thomas E. Rice, Jr., and John A. Watt, Kansas City, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., JAMES EDWARD WELSH, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

Moore Equipment Company appeals the circuit court's grant of summary judgment in favor of Callen Construction Co., Inc., on Callen's claim for conversion. Moore contends that Callen's claim fails as a matter of law because it seeks the return of money and does not fall within the limited circumstances in which a claim for the return of money lies in conversion. Moore also alleges that the circuit court's judgment is erroneous because it permits Callen to recover duplicate damages. We affirm.

When considering an appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record established that Moore, located in Chillicothe, is a retail distributor of new and used John Deere farming equipment. In August 2000, Moore sold a 1997 John Deere tractor to Scholten Equipment Company. As part of the sale, Scholten purchased a power and drive train "Fail Safe" warranty. The warranty was insured by Professional Reinsurance Services, Inc., d/b/a Heavy Equipment Dealers Purchase Group, Inc. (PRS/HEDPG).

Scholten sold the tractor to Callen in October 2000. The warranty on the tractor continued to be valid when Callen purchased the tractor, and the warranty transferred with the tractor. In May 2001, the tractor's power and drive train malfunctioned. Callen took the tractor to North Washington Implement Company to have it repaired. A proof of loss form, which contained the work order number and the tractor's serial number, was submitted to PRS/HEDPG for payment of the cost of the repairs covered under the warranty.

Approximately one month later, on September 19, 2001, PRS/HEDPG issued check number 7542, in the amount of $19,162.88, as payment on the claim. Instead of sending the check to Callen or North Washington, however, PRS/HEDPG mistakenly sent it to Moore, who had not performed any repairs on Callen's tractor and was not involved in the claim. Nevertheless, Moore deposited the check. The check cleared PRS/HEDPG's bank account on September 26, 2001.

Moore was subsequently notified that it had received the check in error. PRS/HEDPG requested that Moore reimburse either PRS/HEDPG or North Washington for the $19,162.88 proceeds from the check. Moore refused.

Callen paid North Washington for the repairs to the tractor. Callen has not been reimbursed by anyone for the cost of the repairs.

Moore filed a petition for declaratory judgment seeking a declaration that the repairs to the tractor were not covered by the warranty because Callen failed to comply with the warranty's terms. Moore later voluntarily dismissed its petition.[1] Callen filed counterclaims against Moore for breach of contract, breach of warranty, conversion, and unjust enrichment. Callen also sued PRS/HEDPG for breach of contract and breach of warranty.

Callen filed a motion for summary judgment against Moore on the conversion claim and against PRS/HEDPG on the breach of contract and breach of warranty claims. The circuit court sustained the motion and awarded summary judgment in favor of Callen on all claims; the judgment awarded Callen damages against both Moore and PRS/HEDPG in the amount of $19,162.88, the face amount of the check erroneously sent by PRS/HEDPG to Moore. Moore appeals.

Our review of summary judgment is essentially *de novo*. *Id.* "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Summary judgment is proper only if "the motion, the response, [and] the reply ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6).

■■■ Moore contends in its first point that Callen's claim for conversion fails as a matter of law because it seeks the return of money and does not fall within the limited circumstances in which a claim for conversion for the return of money can be maintained. "Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Dwyer v. Unit Power, Inc.*, 965 S.W.2d 301, 305 (Mo.App.1998). Moore is correct that, in general, an action for "conversion does not lie for the wrongful taking of money." *K–Smith Truck Lines, Inc., v. Coffman*, 770 S.W.2d 393, 398 (Mo.App. 1989). The reason behind this rule is "that an ordinary debt or money cannot be described or identified as a specific chattel." *Id.* at 399.

■■■ Where "[n]otes, bills, checks, and other representatives of value" can be described or identified as specific chattel, however, a conversion action can be maintained. *Id.* This is because "a representative of value is itself a thing of value." *Good Roads Mach. Co. v. Broadway Bank*, 267 S.W. 40, 42 (Mo.App.1924). "The recognized measure of damages for conversion of an identifiable check is prima facie the value of the paper converted." *K–Smith*, 770 S.W.2d at 399.

The property alleged to have been converted in this case is the check issued by PRS/HEDPG for the purpose of paying for the repairs to Callen's tractor that were covered by the warranty. The undisputed facts show that the check was identifiable as check number 7542, in the amount of $19,162.88. The check constituted specific chattel for which a claim for conversion could be maintained.

■■■ Moore contends that the evidence does not establish that it converted the check. "In Missouri, '[a]ny distinct act

---

1. The record does not indicate when, or why, Moore voluntarily dismissed its declaratory judgment petition. At the same time Moore dismissed its declaratory judgment petition against Callen, it also voluntarily dismissed its claims of breach of contract and breach of duty of good faith and fair dealing, which it had made against Fail–Safe and PRS/HEDPG.

of dominion wrongfully exerted over the personal property of another in denial of or inconsistent with the latter's right therein constitutes a conversion.'" *Atlas Sec. Servs., Inc. v. Git–N–Go, Inc.,* 728 S.W.2d 727, 730 (Mo.App.1987) (citation omitted). There are three ways to prove conversion: "(1) by a tortious taking, (2) by any use, or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner, or (3) by refusal to give up possession to the owner on demand." *Glass v. Allied Van Lines, Inc.,* 450 S.W.2d 217, 220 (Mo.App.1970).

The undisputed evidence establishes that Callen was the holder of a valid warranty on its tractor. PRS/HEDPG, the insurer of the warranty, determined that the warranty covered the repairs that North Washington made to Callen's tractor. Based upon this determination, PRS/HEDPG issued a check, in the amount of $19,162.88, to pay for those repairs. Instead of sending the check to North Washington or Callen, PRS/HEDPG mistakenly sent the check to Moore, who had no involvement in repairing Callen's tractor.

Moore argues that it deposited the check and retained the proceeds because it believed that the check represented payment for work it had performed on two unrelated claims for which PRS/HEDPG owed Moore money. PRS/HEDPG subsequently notified Moore, however, that that this specific check was sent to Moore in error. After advising Moore of the error, PRS/HEDPG demanded that Moore either return the value of the check, $19,162.88, to PRS/HEDPG or forward this amount to North Washington. Moore refused and informed PRS/HEDPG that "it would hold onto the money as payment for work accomplished" on the two unrelated claims. Moore later asserted that it was justified in retaining possession of the value of the check because Callen failed to comply with the warranty claim procedures.

Moore's reasons for its continued exercise of dominion over the value of the check, after demand was made for its return, are irrelevant. To establish conversion, it is not essential to prove that "the defendant acted with wrongful motive or intent." *Hinton v. State Farm Mut. Auto. Ins. Co.,* 741 S.W.2d 696, 699 (Mo.App. 1987). Indeed, "[g]enerally, questions of good faith, motive, knowledge or ignorance, or care or negligence are not involved in actions for conversion." *Id.* at 700. The evidence establishes that Moore converted the check when it refused to return the value of the check after demand was made. *See Glass,* 450 S.W.2d at 220–21.

The circumstances in this case are similar to those in *Atlas Security Services,* 728 S.W.2d 727. In that case, Atlas Security Services contracted with Git–N–Go to provide security monitoring services for several Git–N–Go convenience stores. *Id.* at 728. After Git–N–Go terminated the contracts, Atlas sued Git–N–Go for breach of the monitoring contracts. *Id.* While the suit was pending, Git–N–Go's parent company inadvertently issued and sent a check to Atlas. *Id.* Atlas cashed the check, stating that it did so because the amount was close to the amount that it believed Git–N–Go owed it under the monitoring contracts. *Id.* When Git–N–Go notified Atlas that the check was issued and sent to it by mistake and demanded the return of the check or its value, Atlas refused. *Id.* at 729. Git–N–Go sued Atlas for conversion, and the jury returned a verdict in Git–N–Go's favor. *Id.*

On appeal, Atlas alleged that the circuit court erred in submitting the conversion claim to the jury because the facts and law did not entitle Git–N–Go to recover on a theory of conversion of money represented

by a general debt. *Id.* In rejecting Atlas's claim, the Southern District of this court relied upon cases in which defendants were held liable for conversion after they were inadvertently issued incorrect stock certificates, notified of the error, and refused to return the stock or its value upon demand. *Id.* at 731 (citing *Fireman's Fund Ins. Co. v. Trippe,* 402 S.W.2d 577 (Mo.App.1966) and *Nat'l Sur. Corp. v. Hochman,* 313 S.W.2d 776 (Mo.App.1958)). The court found that Atlas's refusal to give up possession of the check or its value upon Git–N–Go's demand supported the submission of the conversion claim to the jury and the jury's subsequent verdict:

> The jury obviously believed the check was sent to Atlas in error, believed Atlas'[s] conversion of the check to a cashier's check and retention thereof of its proceeds over Git–N–Go's protests and demands all indicated a claim of right in opposition to Git–N–Go's rights, believed that Atlas refused to give up its possession, or equivalent in money, upon Git–N–Go's demand, and that Git–N–Go's damage was the $8,520.77 face value of the check.

*Id.*

In this case, the undisputed evidence establishes that the check was sent to Moore in error. Moore's depositing the check and retaining its proceeds over PRS/HEDPG's protests and demands on behalf of Callen, the rightful owner of the check's proceeds, indicated a claim of right in opposition to Callen's rights. Moore's refusal to give up possession of the check or its equivalent in money upon demand rendered it liable to Callen for damages for conversion in the amount of $19,162.88, the face value of the check. The circuit court did not err in granting Callen's motion for summary judgment on its claim for conversion.

Moore alleges in its second point that the circuit court's judgment is erroneous because it permits Callen to recover duplicate damages. In addition to sustaining Callen's motion for summary judgment against Moore on Callen's claim that Moore converted the $19,162.88 check, the court also sustained Callen's motion for summary judgment against PRS/HEDPG. Specifically, the court found that PRS/HEDPG was in breach of the contract and warranty when it paid the $19,162.88 warranty claim to Moore instead of Callen.

Moore argues that the judgment allows Callen to recover $19,162.88 in damages from both it and PRS/HEDPG. We disagree. "It is an established principle that there may be only one satisfaction for one injury[,] but as long as the judgment for that injury remains unsatisfied, all means given by law are open to the creditor for requital of that debt." *State ex rel. Mather v. Carnes,* 551 S.W.2d 272, 289 (Mo.App.1977) (citation omitted), *overruled in part on other grounds by Hensel v. Am. Air Network, Inc.,* 189 S.W.3d 582, 584 (Mo. banc 2006). Callen has the option of enforcing the judgment against either PRS/HEDPG or Moore. *Id.* That the court granted Callen a judgment against both PRS/HEDPG and Moore does not mean that Callen is entitled to receive satisfaction from both of them. The circuit court's judgment does not permit Callen to recover duplicate damages.

We affirm the circuit court's granting summary judgment in favor of Callen on its claim for conversion against Moore.

All concur.